CHARLES LARSON v. SWIFT & COMPANY and Another.[1]

January 19, 1912.

Nos. 17,414—(217).

**Existence of physical facts — directed verdict.**

Although there is oral testimony to prove an alleged fact upon the existence of which a litigant's cause of action or defense depends, still, if the admitted physical facts demonstrate to a certainty its nonexistence, the court properly directs the verdict.

**Evidence — directed verdict.**

The evidence examined, and found, under this rule, to warrant an instructed verdict for defendants.

[1] Reported in 134 N. W. 122.

Action by the administrator of the estate of Albert J. Wendt, deceased, against defendant corporation and Oscar A. Fisher, to recover $5,000 for the death of his intestate. The separate answers alleged negligence on the part of deceased. The replies were general denials. The case was tried before Brill, J., and a jury which returned a verdict in favor of defendants. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*Lars Rosness* and *Henry Marks,* for appellant.

*Price Wickersham,* for respondents.

HOLT, J.

This action is brought by plaintiff, for the benefit of the next of kin of Albert J. Wendt, deceased, to recover damages for the death of Wendt through the alleged negligence of the defendant corporation, in whose employ Wendt then was. The other defendant is claimed to have been a foreman of the employer, and is also charged with negligence. At the close of all the evidence a verdict was directed in favor of the defendants. A motion for a new trial was made and denied. This appeal is from the order denying the motion.

The deceased was a millwright and carpenter forty-seven years old, five feet six inches tall, and weighing about two hundred pounds.

On January 21, 1911, he, with one Brettschneider, also a millwright, had completed putting in some shaftings and countershaft and pulley in a room called the "casing room" of the hog slaughtering department of the defendant corporation at South St. Paul. These shafts and pulleys were hung from the rafters of the room, and in order to do the work a scaffold had been erected by some other employees. This scaffold was some five or six feet high, and came to within two or three feet of the shafting, belts, and pulley above it. After the machinery was put in motion it was noticed that a belt shifter, when placed in a certain position, projected so as to interfere with a belt. The defendant Fisher, the assistant superintendent or foreman of the defendant corporation, directed the millwrights to cut this off a couple of inches. The machinery and belts were in motion. The end to be cut off was located between two

large parallel belts about eighteen inches apart. The deceased undertook to carry out the order. To do this he took a short ladder and leaned it against the staging of the scaffold. The ladder, being short, had to stand with little slant, and Brettschneider held it so as to prevent its falling. Then Wendt, by means of the ladder, mounted the scaffold, stood with the right foot on a plank on the scaffold and with the left on the top rung of the ladder; this rung being considerably lower than the plank. In doing the sawing he held onto a rafter with his left hand and passed his right arm with the saw between the upper and lower portions of one of the two large belts mentioned. He had undoubtedly completed the hazardous undertaking, for the piece was sawed off. But immediately after, or in coming down, he fell against or upon the lower portion of the rapidly running belt, was thrown against the pulley, and killed. The plaintiff tried the case on the theory that the ladder furnished was defective to the knowledge of defendants, and that because thereof, when Wendt, in coming down, stepped on the second rung from the top, it broke and threw him on the belt. The defendants contended that the rung was not in the ladder when Wendt took it for use.

The only eyewitness to the accident was Brettschneider, and he testified positively that the rung was in, and broke when Wendt stepped down upon it, thus throwing him on the belt. Were there no other evidence in the case than the testimony of defendant's witnesses that the rung was not in the ladder on the day in question, it is clear that the jury, and not the court, should have passed on that fact. But in this case the broken rung and the ladder were in evidence when the court directed the verdict. Both the broken pieces of the rung and the ladder were produced in this court, and plaintiff conceded the ladder to be the ladder used by Wendt, and the pieces of the rung to be the identical piece of wood which he claims broke and caused the accident.

The rung is soft, brittle wood, one inch thick and about two to two and one-half inches wide. The sides or uprights of the ladder are two pieces of plank, two inches thick by four inches wide. On one edge of these uprights the rungs, at a distance apart of some

fourteen inches, are mortised in the depth of their thickness and nailed to the uprights. The pieces of the rung are so broken that they interlock, and cannot be parted without splintering the wood more than it now is, or making some visible marks, now lacking, in the rung where mortised to the uprights or in the mortise itself, if the break had been caused by Wendt stepping down on the rung. In short, the physical condition of the broken pieces of the rung and the mortise in the ladder, the position in which the ladder was held, and the manner in which Wendt necessarily placed his weight thereon, demonstrate to a certainty that Brettschneider is mistaken when he testifies that Wendt stepped on the rung and it gave way. Or, in other words, the rung did not then break, for it was not then in the ladder. This being so, the court correctly disposed of the case, for plaintiff necessarily predicated recovery on the alleged negligence of defendants in suffering the rung, after knowledge of its defective condition, to remain in the ladder, and the resulting break thereof under the weight of Wendt when he stepped down upon it as the proximate cause of the accident.

Order affirmed.

PHILIP E. BROWN, J., being absent on account of illness, took no part.