MARTHA B. STEVENS v. ST. PAUL CITY RAILWAY COMPANY.[1]

June 7, 1918.

No. 20,856.

**Carrier — negligence — verdict sustained by evidence.**
    Evidence *held* to sustain the finding of the jury that the plaintiff

[1] Reported in 167 N. W. 1045.

was injured by the negligent starting of a street car of the defendant as she was alighting.

Action in the district court for Ramsey county to recover $10,600 for injuries received while alighting from defendant's street car and expenses incurred in consequence thereof. The answer alleged that whatever injuries plaintiff sustained were due to her own negligence. The case was tried before Olin B. Lewis, J., and a jury which returned a verdict for $850. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*W. D. Dwyer* and *C. D. O'Brien,* for appellant.

*M. A. Jordan,* for respondent.

DIBELL, C.

Action for personal injuries. Verdict for the plaintiff. Defendant appeals from the order denying its motion for a new trial. The only question is whether the evidence is sufficient to sustain the verdict.

The plaintiff, an elderly woman, was a passenger on a street car of the defendant. The car on which she was riding was going south on Hope street in St. Paul and turned into East Fourth street and to the east and stopped, on something of a curve, at the southerly and easterly crossing in Fourth street at which she wished to alight. She claims that as she was on the lower step and was about to alight the car started suddenly and that she was thrown and was unable to get a footing and went stumbling or sprawling to the curb and gutter nearly opposite. The conductor, and another employee who happened to be on the car, testified that the car did not start until the plaintiff had safely alighted. The motorman, who was not in the employ of the company at the time of the trial, did not testify. The evidence made a jury issue on the question whether the car was negligently started before the plaintiff alighted.

The contention of the defendant is that it is so physically impossible that the plaintiff, even if the car started as she was alighting, could be thrown to the point where she was injured, some 12 feet from the step of the car to the south, and 4 feet to the east in the direction of the movement of the car, that a finding of the jury to that effect is unsustained. The distances given are substantially correct. The plaintiff's

testimony is that she was thrown by the starting of the car and was unable to keep her feet or control her movements and, while trying to do so, stumbled along, and was finally thrown to the curb and gutter. Is her testimony so overborne by the physical facts that a jury could not conclude that the result which she claims followed? We do not think so.

The elements affecting the result, such as the force and suddenness of the movement of the car, the place of the car on the curve, the precise position of the plaintiff as she was in the act of alighting when affected by the starting of the car, and her conscious and unconscious effort to overcome the forces operating upon her, were not at all so fixed that as a mathematical result what followed could not be reasonably ascribed to the starting of the car. It would be difficult indeed to prophesy the movement of an inanimate object under such conditions and more difficult to foretell the movement of a person intelligently or unconsciously resisting. The result is likely unusual but that it came from the cause assigned by the plaintiff is quite believable. The case was fairly tried and the verdict has the approval of the trial court and it is sustained by the evidence.

Order affirmed.