## JOHN H. BALL v. EXCELSIOR HEATER & SUPPLY COMPANY.[1]

November 17, 1922.

No. 23,017.

**Negligence of truck driver sustained by evidence.**

1. The evidence sustains the finding of the jury that the truck driver of the defendant was negligent.

**Driver of motorcycle not necessarily negligent.**

2. The evidence is not such as to require a finding that the driver of the motorcycle in the side-car of which the plaintiff was riding was negligent.

**Verdict of $5,000 not excessive.**

3. The damages are not excessive.

Action in the district court for Hennepin county to recover $20,000 for injuries caused by the negligence of the driver of defendant's motor truck. The case was tried before Dickinson, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $5,000. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Jesse Van Valkenburg*, for appellant.

*Allen & Fletcher*, for respondent.

[1]Reported in 190 N. W. 607.

DIBELL, J.

Action to recover damages sustained by the plaintiff in a collision with an auto truck of the defendant. There was a verdict for the plaintiff. The defendant appeals from the order denying its alternative motion for judgment notwithstanding or a new trial.

A large auto truck of the defendant was being driven south on Fourth avenue in Minneapolis. Twenty-fourth street crosses the avenue at right angles. The plaintiff was approaching on Twenty-fourth street going east. He was riding in the side-car on the right of a motorcycle. The northwest corner of the intersection was a so-called "blind corner"—that is, the building thereon was flush with the avenue and flush with the street.

1. The sufficiency of the evidence to sustain a finding that the defendant was negligent cannot be assailed successfully. There is evidence that the truck was going 35 miles an hour, that the driver did not decrease his speed at the crossing, and that he was not keeping a proper lookout.

2. The claim most urged is that the plaintiff as a matter of law was negligent.

The testimony of the driver of the motorcycle is that he approached the crossing at a moderate speed; that he slowed down as he approached the avenue; that when he first saw the truck it was going so fast that if he continued across the avenue the motorcycle would be struck broadside; that because of the side-car he could not turn to the right without upsetting; that he turned to the left thinking that the truck might also turn and a collision might be avoided; and that he was unable to avoid the collision. There is a claim that if the driver had kept a lookout and had kept within a proper speed he would have been able to stop or turn aside in time to avoid the collision. As a question of fact to be urged to the jury there may be merit in this claim. There is none surviving the adverse finding of the jury. An accident such as this is the happening of a moment or a second or so, not of minutes. Witnesses ordinarily cannot measure time and distance and direction so accurately as to make the movements of the parties and the negligent cause of the accident the subject of mathematical demonstration.

Usually the question of negligence is one' for the good sense of a jury subject to the power of review and regulation residing in the trial court.

3. The verdict was for $5,000. The defendant claims it to be excessive.

The plaintiff was an army officer. He was injured on March 29, 1920. His skull was fractured. His nose was broken. One leg was broken, the fracture extending into the knee joint. He was unconscious for some time and recalled nothing that occurred for several weeks. He was dazed until June 1. He was in a Minneapolis hospital until June 28. He then went to the hospital at Fort Sheridan and was there until the latter part of August. At the time of the trial he still had dizzy spells and headaches. His leg still gives him some annoyance. His suffering was considerable. His attending physician does not expect him to be entirely free of headaches resulting from the injury. It is not for us to say that the verdict is excessive.

The court charged that the plaintiff's driver had the right of way as clearly he had. The defendant claims that the charge was without application. The question of right of way is not at all a controlling or perhaps important factor. We find no error in the charge nor need of discussion.

Order affirmed.