## LOUIS H. LACHECK v. DULUTH-SUPERIOR TRANSIT COMPANY.[1]

April 23, 1937.

No. 31,166.

[1]Reported in 273 N. W. 366.

G. A. E. *Finlayson,* for appellant.
*Jenswold, Jenswold & Dahle,* for respondent.

Hilton, Justice.

This action arose out of a collision between a car driven by the plaintiff Lacheck and one of the defendant's streetcars on the morning of January 31, 1936. The accident occurred at the intersection of Cook street and Forty-fifth avenue east in the city of Duluth. Defendant's streetcar was proceeding north on Forty-fifth avenue east, and plaintiff's car was traveling east on Cook street. The action was brought by plaintiff for and on behalf of his daughter Margaret, a minor, to recover for injuries sustained by her in the collision. The trial resulted in a verdict for the plaintiff for $917, and this appeal is taken from an order denying defendant's motion for a new trial. Additional facts will be found more fully set out hereinafter.

One of the principal claims of the appellant is that the admission of the testimony of two policemen as to statements made to them by the motorman after the accident was error because the

statements were not part of the so-called *res gestae*. The policemen were permitted to testify, over appellant's objection, that the motorman, in a conversation 15 to 20 minutes after the accident, told them two different stories. According to them, the first story was substantially to the effect that plaintiff's car did not enter the intersection until the streetcar was nearly halfway across it. They testified that he changed that story a few minutes later and said that he did not see the car until just at the time of, or just before, the collision. In other words, the tendency of this testimony was to establish the fact that the motorman did not see plaintiff's car until just before or at the time of the collision. We have reached the conclusion that the error, if any, that was committed in admitting this testimony was without prejudice, for it is clearly established by other evidence, including the testimony of the motorman himself, that he did not see the car until just before, or at the time of, the collision. The witness Carpenter testified, over appellant's objection, that the motorman told him within five minutes after the accident that he did not see plaintiff's car. While the witness stated that the motorman may not have used those exact words, he testified positively that they were substantially the words used. The admission of this testimony is not assigned as error, and any objection appellant may have had thereto has thus been waived. No attempt was made during the testimony of the motorman to refute the making of this statement. The witness was a disinterested third person whose uncontradicted testimony there is no reason to doubt. Furthermore, the motorman himself testified that he first looked to the left when he was 10 to 15 feet from the intersection and saw nothing; that he then looked to the right and noticed a truck parked about halfway down the block; and that he then looked straight ahead and at that time got a glimpse of plaintiff's car approaching from his left. The streetcar was traveling 15 to 20 miles an hour. It seems clear that according to this testimony, and considering the time which would be required for him to look first to the left, then to the right, and then straight ahead, that he could not have seen plaintiff's car until at least just before the collision. This is

so irrespective of the testimony of the policemen as to his statements to them.

This case is not one in which the statements admitted are cumulative of other evidence, which evidence is itself contradicted and a question of fact for the jury. In that situation the admission of such statements, if erroneously received, would be prejudicial, because it could not be judged whether or not, and to what extent, if any, the jury considered those statements in reaching their verdict. It might be the turning point with them. Schendel v. C. M. & St. P. Ry. Co. 158 Minn. 378, 381, 197 N. W. 744, 746. However, in this case the fact sought to be proved by the statements testified to by the policemen, viz., that the motorman did not see the car until just before or at the time of the accident, is so clearly established by the uncontradicted testimony of Carpenter and the testimony of the motorman that it must be held that such fact was proved as a matter of law. It follows that error, if any, committed in admitting the statements was without prejudice, and it becomes unnecessary to consider whether or not such error was in fact made.

■ Appellant also assigns as error the trial court's denial of its motion for a new trial upon the ground that the verdict is not justified by the evidence and is contrary to law. This assignment is also without merit. Going into the evidence at great length will serve no useful purpose. Suffice to say that there was ample evidence from which the jury could find that the motorman was negligent in failing to maintain a proper lookout or in the manner in which he approached the intersection. The motorman testified that he looked neither to the right nor left until he was within 10 or 15 feet of the intersection; that he approached it at a speed of from 15 to 20 miles an hour; and that he knew that it would take from 45 to 55 feet to stop the streetcar, traveling at that speed. The jury could find as a result that in not looking either to the right or left as he approached the intersection until a time at which it would be impossible for him to stop the streetcar until it had crossed the intersection was negligence, and that such negligence was a proximate cause of the accident. There was also evidence

from which the jury could find that the motorman was not maintaining a lookout at all as he approached the intersection, but that his attention was occupied with something in the front end of his streetcar.

■ With respect to the negligence of the father (plaintiff herein), while it is not claimed that his negligence would be imputable to the child, nevertheless defendant contends that it was entitled to an instruction to the effect that if the jury found that the negligence of the father was the sole proximate cause of the accident its verdict should be for the defendant, and the court's failure or refusal to give such instruction is assigned as error. It is of course sound that proof that the accident resulted solely from the negligence of another person would necessarily mean that the negligence of the motorman could not have been a proximate cause thereof. However, the court properly submitted the questions of the negligence of the motorman and proximate cause to the jury, and its verdict being against the defendant would necessarily preclude any finding that the accident resulted solely from the negligence of the father. There was thus no prejudicial error in failing to give the instruction.

■ In its reply brief appellant points out that according to the father's testimony he first noticed the streetcar to his right as he came up to and entered the intersection; that it was then over 150 feet away; and that he estimated his speed at 10 miles an hour. The claim is made that these undisputed physical facts show that the accident could not have happened as plaintiff claims because the streetcar would have to be traveling at a speed of over 50 miles an hour to reach the point of the collision when plaintiff did, and that therefore no cause of action exists. To support this claim, appellant cites several cases to the effect that where the admitted physical facts disprove the existence of the fact upon which the cause of action depends there can be no recovery. See Larson v. Swift & Co. 116 Minn. 509, 134 N. W. 122; Karras v. G. N. Ry. Co. 167 Minn. 140, 208 N. W. 655; Larsen v. N. P. Ry. Co. 175 Minn. 1, 220 N. W. 159. However, the rule in question applies only in cases where the admitted physical facts disprove the existence of

the very fact on which the cause of action depends. Such is not the case here. This case turns on whether or not defendant's motorman was negligent, and whether such negligence was the proximate cause or a concurring proximate cause with the negligence of the father, if any, of the accident. The fact that the father was mistaken as to the speed of his car and the relative position of his car and the streetcar when he first saw the latter would not necessarily prove that the motorman was not negligent. We have already reached the conclusion that there is ample evidence from which the jury could have found that the motorman was negligent, and this is so irrespective of the fact that these admitted physical facts may prove that the father was mistaken as to the facts he testified to. It must be remembered that in this case, while the father himself may have also been negligent, that has no bearing on the result reached. The proof of such mistake by the father in his testimony in this case may be considered in determining whether or not the motorman was negligent, but cannot be made the basis of a finding that such negligence did not exist. As stated in the opinion of Romann v. Bender, 190 Minn. 419, 424, 252 N. W. 80, 82:

"The most that can be said for the physical facts is that they were of aid to the jury in reaching a result favorable to the plaintiff or favorable to the defendant but not conclusive of how the accident happened. The law attaches to them no certain conclusion, and none of them were of a character demonstrating that the plaintiff had no cause of action."

■ The claim is made that the verdict is so excessive as to indicate that it was given under the influence of passion and prejudice. It did not include medical or dental expenses incurred as a result of the injury. At first impression, it may seem that an award of $917 is excessive. However, the girl was unconscious for a few minutes after the accident and was bleeding, and her lips were cut and swollen. She was in the hospital for three days and confined in her home for several days more. The main damage was the loss of a permanent front tooth. She was only nine years old, and a

permanent replacement or bridge cannot be made until she is between 16 and 18 years old. The dentist testified that for the next three years she can have no replacement of the tooth at all and must wear a brace to keep the teeth adjoining the cavity from moving in and partially filling in the void. This brace must be examined and probably replaced every six months. About the time she becomes 12 years of age a temporary replacement can be made to allay somewhat her self-consciousness of her appearance. Defendant called no dental witness, and the trial court has approved the verdict. The tooth lost is one of the most prominent in the mouth. We are not prepared to say that the verdict so greatly exceeds the amount which we might have awarded as to indicate that it was the result of the passion and prejudice of the jury. See Ott v. Tri-State Tel. & Tel. Co. 127 Minn. 373, 149 N. W. 544.

There are several other assignments of error. Most of them relate to alleged errors in the court's charge to the jury and the failure to give defendant's requests. It is not necessary to discuss them in detail. We have examined them fully and conclude that they are without merit. Taking the charge as a whole, it fairly covered the issues and most of appellant's requests, and we are unable to find any error which was so prejudicial to appellant as to justify a reversal.

Affirmed.

JULIUS J. OLSON, JUSTICE (concurring).

It seems to me that the statements made by the motorman were admissible as admissions "made by him while he was in charge of the business" of defendant and "were within the scope of his general authority." See Rosenberger v. H. E. Wilcox Motor Co. 145 Minn. 408, 410, 177 N. W. 625, 626.