ROBERT WALLACE CARPENTER, A MINOR, BY
LEON CARPENTER, GUARDIAN AD LITEM,
v. ROY NELSON.

101 N. W. (2d) 918.

March 11, 1960—No. 37,740.

*Naughtin & Naughtin,* for appellant.
*Manthey, Carey, Manthey, O'Leary & Trenti,* for respondent.

DELL, CHIEF JUSTICE.

This is an action for personal injuries sustained by Robert Carpenter, a minor, and for special damages incurred by his father, Leon Carpenter.[1] The jury returned a verdict in favor of the plaintiff in the sum of $1,385. Plaintiff appeals from an order denying his motion for a new trial on the issue of damages.

On June 27, 1957, Robert, a 17-year-old boy (hereinafter referred to as the plaintiff), sustained injuries while riding as a passenger in the front seat of an automobile being operated by a friend, Roger Mayry. While the Mayry. vehicle was stopped at a stop sign at the intersection of State Highway No. 7 and State Highway No. 216, in St. Louis County, it was struck from the rear by a vehicle owned and operated by defendant. At the trial defendant's liability was admitted, and the only question submitted to the jury was the extent of plaintiff's damages.

The plaintiff was examined shortly after the accident by Dr. Whitney Woodruff. Dr. Woodruff, who was called by defendant, testified that X-rays of plaintiff's spine showed no fracture or dislocation, and he diagnosed the injury as a sprain of the back. He saw the plaintiff again on December 4, 1957, at which time plaintiff complained of dizzy spells, headaches, and pain in the back. His examination at that time revealed muscle spasm in the spinal area. He expressed the opinion that "within reasonable expectancy there wouldn't be any permanent effect of a sprain."

Dr. Robert Hansen, called on behalf of plaintiff, first examined him on July 15, 1957. The X-rays that he took were also negative but, as a result of his examination, he concluded that plaintiff had a "traumatic back, due to his injury; most likely it was a sacroiliac or lumbosacral strain." Physical therapy treatment was prescribed and plaintiff was hospitalized from July 27 to August 4, 1957, and

---

[1] By consent of counsel the father's claim for medical expenses and other items of special damage were merged in the minor's action.

again from September 24 to September 27, 1957. Dr. Hansen did not think there was any element of malingering primarily because of the length of time elapsing from the date of the accident to the time of trial, which started on September 23, 1958. He concluded that plaintiff would have "some degree of disability," and that he could periodically expect pain and spasms in the lower back and difficulty in doing heavy manual labor.

Dr. S. S. Houkom, an orthopedist called by the defense, examined plaintiff on several occasions. His last examination was on August 22, 1958, at which time there was no atrophy, muscle spasm, or limitation of motion. He could find no evidence of disability other than plaintiff's complaints of pain and discomfort. On March 29, 1958, he performed a myelogram which was negative. In his opinion plaintiff had a lumbosacral strain—a strain of the muscles and ligaments of the lower back. He concluded that plaintiff would probably recover without any permanent disability and, while he might have some discomfort, it would not be sufficient to prevent him from working.

Plaintiff testified that he suffered considerable pain in the back and was afflicted with headaches and a pain in his leg. Because of his inability to do any strenuous work he said he was unable to continue his work as a laborer, a job which was available to him during the summer vacation, paying $2.25 an hour. The plaintiff's father and mother also testified, without objection, that plaintiff had headaches and continually suffered from pain in his back and leg so that he was unable to perform physical labor. Medical expenses were incurred in the amount of $376.50.

■ Plaintiff contends that the verdict was inadequate as a matter of law and that the trial court's instructions regarding prospective damages were erroneous and prejudicial. We shall first consider the assignments of error regarding the instructions.

The court charged the jury in part as follows:

"The plaintiff has the burden of proving all of the elements of his cause of action, and this he must do, except in certain specific matters which I will hereafter discuss with you, by a fair preponderance

of the evidence, and by that term is meant that the evidence offered to prove a given fact must fairly outweigh the evidence offered in opposition to it and be of greater convincing force and effect. It is not necessarily to be determined by the number of witnesses who testified with reference to that fact or the volume of testimony which has been received with reference to it. On the whole it may be said that if all of the evidence coming into the case from whatever source fairly convinces you of the existence of a given fact then the party who has the burden of proving that fact by a fair preponderance of the evidence has met that burden.

"Now, the burden of proof by a fair preponderance of the evidence insofar as the plaintiff's claims are concerned obtain insofar as proving his injuries sustained in the accident and the extent of such injuries, and the damages which he has incurred on account of such injuries up to the present time. If you come to consider the claim of the plaintiff for future or permanent injuries a different standard of evidence is required.

"It is the law that one who asserts a claim for future or permanent injuries must prove by a reasonable medical certainty that such future or permanent injuries will be sustained."

It is argued that this instruction incorrectly states the plaintiff's burden of proof.

In the ordinary civil action, such as involved here, the plaintiff has the burden of proving every essential element of his case, including damages, by a fair preponderance of the evidence.[2] It is not required that the evidence be unequivocable or remove all reasonable doubt.[3]

---

[2]McCormick, Evidence, §§ 319, 320; 9 Wigmore, Evidence (3 ed.) §§ 2497, 2498; 7 Dunnell, Dig. (3 ed.) § 3473.

[3]See, Aubin v. Duluth St. Ry. Co. 169 Minn. 342, 211 N. W. 580. In some civil cases the policy of the law requires that the fact in issue be proved by "clear and convincing" evidence, as where, for example, the plaintiff seeks to establish a parol modification of a written instrument. See, Kavanagh v. The Golden Rule, 226 Minn. 510, 33 N. W. (2d) 697. The highest requirement of proof is in criminal cases where the guilt of the defendant must be established "beyond a reasonable doubt."

It is also well established that there can be no recovery for damages which are remote, conjectural, or speculative.[4] In the case of future damages—it being impossible to establish absolute certainty—most courts, including this one, have long followed the rule that recovery may be had if they are "reasonably certain" to occur.[5] This rule, however, has nothing to do with the degree of proof in the sense of the required quality or quantum of evidence necessary to establish the fact. It simply means that the ultimate fact which the plaintiff has the burden of proving is future damages reasonably certain to occur as a result of the original injury. It is still sufficient if the existence of this fact is proved by only a fair preponderance of the evidence.[6] Confusion understandably arises because the fact to be proved is, in itself, a matter of probability, although different and of a higher degree than the probability of evidence required to prove the fact.

The distinction here made has been previously recognized by this court on several occasions. For example, in Cameron v. Evans, 241 Minn. 200, 208, 62 N. W. (2d) 793, 798, we approved the trial court's charge that the jury "would have to be satisfied *by a fair preponderance of the evidence* that future disabilities would, to a reasonable certainty, ensue before recovery could be allowed for future disability."

---

[4] See, 5 Dunnell, Dig. (3 ed.) § 2534; McCormick, Damages, § 25.

[5] Cameron v. Evans, 241 Minn. 200, 62 N. W. (2d) 793; Odegard v. Connolly, 211 Minn. 342, 1 N. W. (2d) 137; Guin v. Mastrud, 206 Minn. 382, 288 N. W. 716; Timmerman v. March, 199 Minn. 376, 271 N. W. 697; Wells v. Weed, 197 Minn. 464, 267 N. W. 379; Romann v. Bender, 190 Minn. 419, 252 N. W. 80; Baufield v. Warburton, 181 Minn. 506, 233 N. W. 237; Gau v. J. Borgerding & Co. 175 Minn. 150, 220 N. W. 412; Carter v. Duluth Yellow Cab Co. 170 Minn. 250, 212 N. W. 413; Lowe v. Armour Packing Co. 148 Minn. 464, 182 N. W. 610; Carson v. Turrish, 140 Minn. 445, 168 N. W. 349, L. R. A. 1918F, 154; Crozier v. Minneapolis St. Ry. Co. 106 Minn. 77, 118 N. W. 256; Olson v. Chicago, M. & St. P. Ry. Co. 94 Minn. 241, 102 N. W. 449; McBride v. St. Paul City Ry. Co. 72 Minn. 291, 75 N. W. 231; L'Herault v. City of Minneapolis, 69 Minn. 261, 72 N. W. 73; see, Annotations, 85 A. L. R. 1019 and 81 A. L. R. 423.

[6] Cameron v. Evans, 241 Minn. 200, 62 N. W. (2d) 793; Romann v. Bender, 190 Minn. 419, 252 N. W. 80.

(Italics supplied.) Similarly, the following instruction in Romann v. Bender, 190 Minn. 419, 424, 252 N. W. 80, 82, was upheld:

"* * * If you find that he is permanently disabled, from the evidence in court to a reasonable certainty *by a fair preponderance of the evidence,* you would have a right to award him permanent damages; * * *." (Italics supplied.)

The distinction is not an illusory one. When the term "reasonable certainty" is used to describe the degree of proof rather than the fact to be proved it places upon the plaintiff a higher degree of proof than is required in the ordinary civil case. Such an imposition is clearly prejudicial.[7]

In the instant case the trial court, in its instructions, not only failed to make the distinction but specifically charged the jury that the plaintiff had a higher degree of proof in so far as future or permanent injuries were concerned. In the first paragraph of the quoted instructions, the court said that the burden of proving "by a fair preponderance of the evidence" did not apply in "certain specific matters." It then went on to say that as to "future or permanent injuries a different standard of evidence is required," and that such injuries must be proved "by a reasonable medical certainty." This logically left the jury with the impression, which it apparently was intended to do, that as to future damages the burden of proof by a fair preponderance was not applicable, and that the plaintiff must prove such damages by a reasonable medical certainty. Even if the jury had found that there was some evidence that the plaintiff was reasonably certain to suffer future damages, and that such evidence fairly preponderated over evidence to the contrary, it would, nevertheless, have been obliged to disallow any award for such future damages if it entertained any reasonable doubt as to the probability of its occurrence. This is not the law, and since it is impossible to ascertain from the verdict whether prospective damages were, in fact, allowed, a new trial is required.

[7]See, e. g., Colbert v. Borland, 147 Cal. App. (2d) 704, 306 P. (2d) 53; Botta v. Brunner, 26 N. J. 82, 138 A. (2d) 713, 60 A. L. R. (2d) 1331; Bengston v. Estes, 260 Wis. 595, 51 N. W. (2d) 539.

■  Plaintiff also attacks the instruction on the ground that it required the plaintiff to show the occurrence of future damages to a "reasonable medical certainty" rather than to a "reasonable certainty." While expert medical evidence is often essential, it is well established that the existence of future damages or permanent injuries may sometimes be inferred from other evidence, as where, for example, it is shown that the plaintiff is not fully recovered at the time of trial.[8] The use of the phrase "reasonable medical certainty" in three recent Minnesota cases[9] was not intended to alter this rule nor preclude the jury from considering evidence other than that of expert medical witnesses. Since the word "medical" is susceptible of being construed as referring only to expert medical testimony, it should be omitted in instructing the jury, and it is withdrawn from the prior decisions in which it was inadvertently used.

In view of the conclusions reached it is unnecessary to consider plaintiff's other assignment of error. The order appealed from is reversed and a new trial granted.

Reversed.

---

[8]McClain v. City of Duluth, 163 Minn. 198, 203 N. W. 776; Johnson v. N. P. R. Co. 47 Minn. 430, 50 N. W. 473.

[9]See, Dornberg v. St. Paul City Ry. Co. 253 Minn. 52, 60, 91 N. W. (2d) 178, 185; Derrick v. St. Paul City Ry. Co. 252 Minn. 102, 108, 89 N. W. (2d) 629, 633; Penteluk v. Stark, 244 Minn. 337, 340, 69 N. W. (2d) 899, 901; see, also, Cherry v. Stedman (8 Cir.) 259 F. (2d) 774, 779. In none of the cases cited in footnote 5, *supra,* is the term "reasonable *medical* certainty" used.