Jacob ZAWELS, a/k/a JaKob Ziv–El, Respondent,

v.

EDUTRONICS, INC., Appellant.

No. C8–94–449.

Court of Appeals of Minnesota.

Aug. 23, 1994.

L.H. May, Jr., Minneapolis, for appellant.

Phillip R. Krass, Timothy F. Moynihan, Krass, Monroe & Moxness, Bloomington, for respondent.

Considered and decided by PETERSON, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

PETERSON, Judge.

In this misappropriation of trade secrets action, appellant Edutronics argues that the district court erred in awarding exemplary damages and attorney fees to respondent Jacob Zawels without following the procedures in Minn.Stat. §§ 549.191–.20 (1990) or making the findings required by Minn.Stat. §§ 325C.03(b)–.04 (1990). We affirm.

## FACTS

Respondent Jacob Zawels developed Discourse, a computer-based, interactive teaching system. Zawels obtained a patent for Discourse and entered into licensing and vendor agreements with Minnesota Mining and Manufacturing (3M). In cooperation with the Wilder Foundation, 3M tested Discourse in 10 St. Paul schools. Wilder and the school district signed an agreement acknowledging that Discourse's software was a trade secret. The agreement applied to all the district's employees. Dr. William J. Schrankler was employed as a principal at one of the test sites and was very interested in Discourse. In 1987, when 3M gifted its license to market Discourse to the University of Minnesota,

Schrankler and his son created appellant Edutronics to seek the license from the University.

For nearly three years, Zawels and employees of the University and 3M met with the Schranklers and gave them confidential and proprietary information about Discourse. Edutronics promised that the information it received would be used solely to manufacture and market Discourse. Zawels reminded Edutronics in writing that the Discourse information was confidential. The Schranklers admitted that they knew that Edutronics was given information about Discourse because Zawels believed that the information would be kept confidential.

During negotiations with Edutronics, the University insisted that Zawels either be involved in marketing Discourse or receive royalties from its sale. Zawels and Edutronics could not reach an agreement as to his involvement in the project or his royalties. In the summer of 1989, Edutronics told the University that it was going ahead with Discourse without Zawels. The University then refused to grant Edutronics the license for Discourse and eventually granted the license to another company.

After the University refused to grant it the Discourse license, Edutronics began work on a computer-based interactive teaching system called MasterClass that was virtually identical to Discourse, except that it was compatible with Apple, rather than IBM, computers. Using a test system at a St. Paul school, the Schranklers demonstrated Discourse for a computer programmer. They also gave all the information they had received about Discourse to the programmer who then wrote the MasterClass software. In 1991, a school district looked at both systems and bought MasterClass. Zawels lost $737 in royalties on this sale.

Edutronics sued Zawels for tortious interference with prospective contractual relations alleging Zawels prevented it from obtaining the Discourse license. Zawels raised several counterclaims, including misappropriation of trade secrets. The district court denied

Zawels's motion to amend his counterclaim to add a punitive damages claim. All claims in the case, except Zawels's misappropriation of trade secrets claim, were eventually dismissed. The remaining claim was tried to the court.

The district court found that Edutronics had misappropriated trade secrets from Zawels to create MasterClass.[1] The court decided that Zawels had not proved the market value of the stolen information, but had proved that he lost $737 in royalties. The court trebled the $737 because "Minn.Stat. § 325C authorizes an award of treble damages for misappropriation of trade secrets." The court also awarded Zawels $27,448 in attorney fees. Finally, the court awarded Zawels royalties of 7% on MasterClass sales for two years.

Edutronics made a motion for amended findings or a new trial. Zawels asked the court to add a finding that Edutronics had willfully and maliciously misappropriated trade secrets. The court denied both motions.

## ISSUES

I. Are exemplary damages awarded under Minn.Stat. § 325C.03(b) (1990) subject to the requirements for punitive damages in Minn.Stat. §§ 520.-191–.20 (1990)?

II. Did the district court make the findings necessary to support an award of exemplary damages and attorney fees under Minn.Stat. §§ 325C.03(b)–.04 (1990)?

## ANALYSIS

▇▇▇ A district court's decision to deny a new trial motion will not be disturbed on appeal absent a clear abuse of discretion. *Jack Frost, Inc. v. Engineered Bldg. Components Co.*, 304 N.W.2d 346, 352 (Minn.1981). The district court's findings of fact will not be set aside on appeal unless they are clearly erroneous. Minn.R.Civ.P. 52.01. But we

---

1. Edutronics has not ordered a transcript of the trial and does not challenge the validity of the district court's findings.

need not defer to the district court's decision when reviewing questions of law. *County of Lake v. Courtney*, 451 N.W.2d 338, 340 (Minn.App.1990), *pet. for rev. denied* (Minn. Apr. 13, 1990).

## I.

■■ Statutory interpretation is a question of law. *Schumacher v. Ihrke*, 469 N.W.2d 329, 332 (Minn.App.1991). The purpose of statutory interpretation is to give effect to the intent of the legislature. Minn. Stat. § 645.16 (1992). When the words in a statute are clear and unambiguous, a court must give effect to the plain meaning of the language. *Tuma v. Commissioner of Economic Sec.*, 386 N.W.2d 702, 706 (Minn.1986).

Edutronics argues that the procedures and requirements in Minn.Stat. §§ 549.191–.20 (1990), the civil punitive damages statutes, apply to an award of exemplary damages made under Minn.Stat. § 325C.03(b) (1990). Edutronics claims that since the district court did not follow the procedures in Minn. Stat. §§ 549.191–.20, the exemplary damages award was improper.

Minn.Stat. § 325C.03(a) (1990) provides that a plaintiff may recover damages for misappropriation of trade secrets.

If willful and malicious misappropriation exists, the court may award exemplary damages in an amount not exceeding twice any award made under paragraph (a).

Minn.Stat. § 325C.03(b).

Minn.Stat. § 549.20, subd. 1(a) states:

Punitive damages shall be allowed in civil actions only upon clear and convincing evidence that the acts of the defendant show deliberate disregard for the rights or safety of others.

*See also* Minn.Stat. § 549.191 (party must amend complaint to bring punitive damages claim); Minn.Stat. § 549.20, subds. 3–4 (punitive damages should be awarded and reviewed in light of listed factors and should be subject of separate proceeding).

■■ The trade secrets act specifically provides that

sections 325C.01 to 325C.07 displace conflicting tort, restitutionary, and other law

of this state providing civil remedies for misappropriation of a trade secret.

Minn.Stat. § 325C.07(a) (1990). Minn.Stat. §§ 549.191–.20 conflict with Minn.Stat. § 325C.03(b) in two important respects. A plaintiff must show willful and malicious conduct to recover exemplary damages under Minn.Stat. § 325C.03(b) but must show deliberate disregard of another's rights or safety to recover punitive damages under Minn. Stat. § 549.20, subd. 1. Also, under Minn. Stat. § 549.20, subd. 1, a plaintiff must prove the defendant's deliberate disregard for the rights or safety of others by clear and convincing evidence, while under Minn.Stat. § 325C.03(b), a plaintiff must prove by a fair preponderance of the evidence that a misappropriation was willful and malicious. *See Carpenter v. Nelson*, 257 Minn. 424, 427 101 N.W.2d 918, 921 (1960) (in ordinary civil action plaintiff has burden of proving every essential element of case, including damages, by fair preponderance of evidence). Since Minn.Stat. §§ 549.191–.20 conflict with Minn. Stat. § 325C.03(b), Minn.Stat. § 325C.03(b) displaces Minn.Stat. §§ 549.191–.20.

■■ Further, it is well-settled that [w]hen a general provision in a law is in conflict with a special provision in the same or another law, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions be irreconcilable, the special provision shall prevail and shall be construed as an exception to the general provision.

Minn.Stat. § 645.26, subd. 1 (1992). As discussed above, Minn.Stat. §§ 549.191–.20 conflict with Minn.Stat. § 325C.03(b). Because Minn.Stat. § 325C.03(b) and Minn.Stat. §§ 549.191–.20 establish different burdens of proof and different elements for an award of damages, the two statutes cannot be construed to give effect to both. Thus, the exemplary damages provision that applies only to causes of action for misappropriation of trade secrets prevails over the general provisions of Minn.Stat. §§ 549.191–.20. *See Patton v. Yarrington*, 472 N.W.2d 157, 161 (Minn.App.1991) (statute that applies only to one cause of action more particular than general, catch-all provision), *pet. for rev. denied* (Minn. Aug. 29, 1991).

Edutronics argues that Minn.Stat. §§ 549.-191–.20 must be applied to exemplary damages awarded under Minn.Stat. § 325C.03(b) because exemplary and punitive damages are the same type of damages and applying a different standard solely because a different term is used creates an artificial distinction between the awards. The terms "exemplary" and "punitive" often are used interchangeably to describe damages awarded to punish a defendant. *See Black's Law Dictionary,* 390 (6th ed. 1980) (exemplary damages are intended to punish defendant for evil behavior which is why they also are called punitive damages).

■ But the legislature has the power to determine when punitive damages may be awarded in a specific cause of action. *See, e.g.,* Minn.Stat. § 363.071 (1992) (in Human Rights Act case, "[p]unitive damages shall be awarded pursuant to section 549.20"); Minn. Stat. § 325B.08 (1992) (punitive damages may be awarded in Beer Brewers and Wholesalers Act action if court finds defendant acted in bad faith); Minn.Stat. § 181.68, subd. 1 (1992) (in wage discrimination case, exemplary damages up to amount of unpaid wages may be levied at court's discretion). The plain language of Minn.Stat. § 325C.03(b) shows that the legislature did not intend the requirements of Minn.Stat. §§ 549.191–.20 to apply to exemplary damages awarded in a misappropriation of trade secrets action.

## · II.

Edutronics next argues that the district court's findings were not sufficient to support an award of exemplary damages or attorney fees because the court did not specifically find that Edutronics willfully and maliciously misappropriated trade secrets. We disagree.

■ The district court trebled Zawels' damages because "Minn.Stat. § 325C authorize[d] an award of treble damages for misappropriation of trade secrets." As Minn. Stat. §§ 325C.01–.08 (1990) only authorize an award of treble damages for willful and malicious misappropriation, the court's decision necessarily decided that Edutronics willfully and maliciously misappropriated trade secrets. *See* Minn.Stat. § 325C.03(b) (treble

damages for willful and malicious misappropriation). Accordingly, no specific finding on this fact was required. *See Minneapolis Community Dev. Agency v. Mark Lee Prods., Inc.,* 411 N.W.2d 599, 601 (Minn.App. 1987) (finding not required when decision necessarily decided disputed fact).

■ The district court also found that Zawels was entitled to attorney fees for his misappropriation of trade secrets claim. Again, as Minn.Stat. §§ 325C.01–.08 only authorize an attorney fee award for willful and malicious misappropriation, the court's decision necessarily decided that Edutronics willfully and maliciously misappropriated trade secrets. *See* Minn.Stat. § 325C.04(iii) (court may award attorney fees if misappropriation willful and malicious). Thus, no explicit finding on this issue was required.

■ Finally, the court's finding that Edutronics knew that the Discourse information it received was confidential but nonetheless took and used this information to create a system virtually identical to Discourse also shows that the court found that Edutronics acted willfully and maliciously. *Cf. Cherne Indus., Inc. v. Grounds & Assocs.,* 278 N.W.2d 81, 95–96 (Minn.1979) (damage award based on malice upheld although court did not make explicit finding on malice).

## DECISION

The district court properly refused to apply Minn.Stat. §§ 549.191–.20 (1990) to exemplary damages awarded under Minn.Stat. § 325C.03(b) (1990). An explicit finding that Edutronics willfully and maliciously misappropriated trade secrets was not necessary to support the exemplary damages award when the district court decision necessarily resolved this issue.

**Affirmed.**