In the Matter of Henrietta Ann THOMPSON, as Trustee for the Heirs and Next of Kin of Michael David Demo, Appellant,

v.

Lennon Virgil HUGHART, Respondent.

No. C9–02–1608.

Court of Appeals of Minnesota.

June 24, 2003.

Anthony J. Nemo, Meshbesher & Spence, Ltd., Minneapolis, MN, for appellant.

Barry V. Voss, Voss & Hickman, P.A., Minneapolis, MN, for respondent.

Considered and decided by SCHUMACHER, Presiding Judge, WILLIS, Judge, and PORITSKY, Judge.*

## OPINION

WILLIS, Judge.

Appellant challenges the district court's denial of her motion for judgment notwith-

___

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

standing the verdict (JNOV) or, in the alternative, a new trial, arguing that intentionally and wrongfully causing the victim's death constitutes deliberate disregard for the victim's rights or safety as a matter of law. By notice of review, respondent challenges the district court's denial of his motions for JNOV or a new trial and for remittitur, arguing that (1) the evidence does not support the jury's verdict that he intentionally and wrongfully caused the victim's death and (2) the compensatory-damages award is excessive. We affirm.

## FACTS

Appellant Henrietta Ann Thompson sued respondent Lennon Virgil Hughart, alleging that Hughart shot to death Thompson's son, Michael David Demo, during an outdoor party on Prairie Island in July 1999. Thompson's initial complaint, filed in September 1999, sought compensatory damages only. Hughart was charged with murder and assault in connection with Demo's death, and Thompson's suit was stayed pending the outcome of the criminal proceedings. After a jury acquitted Hughart of all criminal charges in May 2000, Thompson moved the district court for leave to amend her complaint to include a claim for punitive damages. The district court granted Thompson's motion, finding that she had offered "prima facie evidence" in support of her motion as is required by Minn.Stat. § 549.191 (2002).

The evidence at trial showed that (1) on the night of Demo's death, he and Hughart were alone together and close to one another while they walked through a wooded area; (2) Demo was shot to death with a .38 caliber gun from a distance of one to three inches; (3) Hughart fled the area where Demo had been shot and went to his cousin's house, telling his cousin that he "was in trouble"; (4) in March 2001, Hug-

hart was stopped by police while driving, and police found a .38 caliber gun in his car; and (5) a firearms expert "couldn't exclude" the gun found in Hughart's car as the gun that killed Demo. Demo was survived by two sons, now ages seven and six.

Hughart called no witnesses and presented no exhibits, but he testified when Thompson called him as a witness. Hughart denied killing Demo and testified that on the night of Demo's death, he did not argue with Demo and did not have a gun with him.

The jury found that Hughart "wrongfully and intentionally" caused Demo's death and awarded compensatory damages of $515,389.36. The compensatory-damage award consisted of (1) $50,000 for loss of "counsel, guidance, aid, advice, comfort, assistance, protection, and companionship" up to the time of the verdict; (2) $450,000 for such loss "reasonably certain to occur in the future"; and (3) $15,389.36 for economic losses up to the time of the verdict. The jury awarded no damages for future economic losses and no punitive damages.

Following the jury verdicts, Thompson moved for JNOV or, in the alternative, a new trial. Hughart also moved for JNOV or a new trial, as well as for remittitur. The district court denied both motions, and this appeal follows.

## ISSUES

I. Did the district court err by denying appellant's motion for JNOV?

II. Did the district court err by denying appellant's motion for a new trial?

III. Did the district court err by denying respondent's motion for JNOV?

IV. Did the district court abuse its discretion by denying respondent's motion for a new trial on damages?

V. Did the district court abuse its discretion by denying respondent's motion for remittitur?

## ANALYSIS

### I.

■ Thompson argues that the district court erred by denying her motion for JNOV. The decision whether to grant JNOV is a question of law, *Edgewater Motels, Inc. v. Gatzke,* 277 N.W.2d 11, 14 (Minn.1979), and we review questions of law de novo, *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984). The denial of a motion for JNOV must be affirmed if there is "any competent evidence reasonably tending to sustain the verdict." *Pouliot v. Fitzsimmons,* 582 N.W.2d 221, 224 (Minn.1998) (quotation omitted); *see also Hughes v. Sinclair Mktg., Inc.,* 389 N.W.2d 194, 198 (Minn.1986) (holding that a jury verdict will be sustained on any reasonable theory based on the evidence). But if "the jury's verdict cannot be sustained on any reasonable theory of the evidence," the moving party is entitled to JNOV as a matter of law. *Obst v. Microtron, Inc.,* 614 N.W.2d 196, 205 (Minn. 2000).

Minnesota law provides for an award of punitive damages

only upon clear and convincing evidence that the acts of the defendant show deliberate disregard for the rights or safety of others.

(b) A defendant has acted with deliberate disregard for the rights or safety of others if the defendant has knowledge of facts or intentionally disregards facts that create a high probability of injury to the rights or safety of others and:

(1) deliberately proceeds to act in conscious or intentional disregard of the high degree of probability of injury to the rights or safety of others; or

(2) deliberately proceeds to act with indifference to the high probability of injury to the rights or safety of others. Minn.Stat. § 549.20, subd. 1 (2002).

■ Thompson argues that intentionally and unlawfully causing the death of another constitutes "deliberate disregard" as a matter of law. She contends that the jury's verdicts that Hughart wrongfully and intentionally caused Demo's death but did not act with deliberate disregard for Demo's rights or safety are therefore legally inconsistent. But a different burden of proof applied to each verdict. For the wrongful-death claim, the burden of proof of liability was a preponderance of the evidence. *See Carpenter v. Nelson,* 257 Minn. 424, 427, 101 N.W.2d 918, 921 (1960). Here, the wrongful-death jury instruction provided that the "greater weight of the evidence must support a 'yes' answer" to the question of whether Hughart wrongfully and intentionally caused Demo's death, *see* 4 *Minnesota Practice,* CIVJIG 14.15 (1999), and Thompson does not challenge the instruction on appeal.

But to support an award of punitive damages there must be clear and convincing evidence of deliberate disregard for the rights or safety of others. Minn.Stat. § 549.20, subd. 1; *see also Weber v. Anderson,* 269 N.W.2d 892, 895 (Minn. 1978) (noting that satisfaction of the standard of clear and convincing evidence "requires more than a preponderance of the evidence"). The district court so instructed the jury, and we presume that the jury followed the court's instructions. *See State v. Miller,* 573 N.W.2d 661, 675 (Minn.1998). And again, Thompson does not claim that the instruction was error. Further, the special-verdict form on punitive damages asked the jury, "By clear and convincing evidence, did Lennon Hughart

act with deliberate disregard for the rights or safety of others?" And the jury answered, "No." Because of the difference between the burdens of proof, the jury could find that Hughart acted wrongfully and intentionally and also find that there was inadequate proof that he acted with deliberate disregard for Demo's rights or safety.

Thompson also argues that Hughart's failure to rebut prima facie evidence that he acted with deliberate disregard for Demo's rights or safety supports a punitive-damages award. A plaintiff may add a claim for punitive damages to a complaint only if the district court finds "prima facie evidence" in support of the claim. Minn.Stat. § 549.191 (2002). Here, when the district court granted Thompson's motion to amend her complaint, it found that she had presented prima facie evidence of Hughart's deliberate disregard for Demo's rights or safety. Thompson contends that Hughart's failure to "call a single witness or offer a single exhibit" left the prima facie evidence unrebutted.

■■■ But Hughart testified, and he denied killing Demo. Further, Thompson's contention regarding the district court's finding of prima facie evidence also ignores the difference between the respective burdens of proof. The term prima facie, as it is used in Minn.Stat. 549.191, does not refer to a quantum of evidence, but to a procedure for screening out unmeritorious claims for punitive damages. *Swanlund v. Shimano Indus. Corp.*, 459 N.W.2d 151, 154 (Minn.App.1990), *review denied* (Minn. Oct. 5, 1990). When the district court found that Thompson had produced prima facie evidence, the court did not necessarily find that she had produced clear and convincing evidence. Rather, this was a decision for the jury, and the special-verdict form shows that the jury found that there was not clear and convincing evi-

dence that Hughart acted with deliberate disregard for Demo's rights or safety.

## II.

■■■ Thompson also claims that the district court erred by denying her alternate motion for a new trial. A new trial may be granted when the verdict is not supported by the evidence, errors of law occurred at the trial, or the damages awarded are excessive. Minn. R. Civ. P. 59.01. On appeal from a denial of a motion for a new trial, "the verdict must stand unless it is manifestly and palpably contrary to the evidence, viewed in a light most favorable to the verdict." *ZumBerge v. N. States Power Co.*, 481 N.W.2d 103, 110 (Minn. App.1992), *review denied* (Minn. Apr. 29, 1992).

■■■ Thompson argues that she is entitled to a new trial on the issue of punitive damages because the jury returned legally inconsistent verdicts. But as we have already determined, because the verdicts were subject to different burdens of proof, they are not inconsistent. We conclude, therefore, that the district court did not err by denying Thompson's motion for a new trial.

## III.

■■■ By notice of review, Hughart argues that the district court erred by denying his motion for JNOV. He contends that no facts in the record support the jury's verdict that he wrongfully and intentionally caused Demo's death because there is no evidence of motive and no evidence that he had a gun immediately before, during, or after Demo's death. But Hughart cites no authority for the proposition that Thompson had the burden of showing why Hughart might have killed Demo. Further, the record shows that (1) Hughart and Demo were alone together shortly before Demo was shot; (2) Hughart fled the

scene, later telling his cousin that he was "in trouble"; and (3) 20 months later, Hughart was in possession of the same caliber gun that was used to kill Demo, and that gun could not be ruled out as the one that killed Demo.

Hughart has not shown that there is no competent evidence reasonably tending to sustain the jury's verdict on Thompson's wrongful-death claim. The district court did not, therefore, err by denying Hughart's motion for JNOV.

## IV.

 Hughart also argues that the district court abused its discretion by denying his alternate motion for a new trial on damages, contending that the jury's compensatory-damages award is excessive. A new trial on damages will be granted only when the verdict is so inadequate or excessive that it "could only have been rendered on account of passion or prejudice." *Flanagan v. Lindberg,* 404 N.W.2d 799, 800 (Minn.1987). The district court's denial of such a motion will not be reversed unless there was an abuse of discretion. *Pulkrabek v. Johnson,* 418 N.W.2d 514, 516 (Minn.App.1988), *review denied* (Minn. May 4, 1988).

 Hughart cites nothing in the record to show that the jury's damage award is the product of passion or prejudice. He contends that the award is excessive because Demo was unemployed at the time of his death. But the jury awarded no damages for future economic losses, and Demo's employment status is unrelated to the amount that the jury awarded to compensate Demo's next of kin for the loss of his "counsel, guidance, aid, advice, comfort, assistance, protection, and companionship." *See Ferguson v. Orr,* 427 N.W.2d 732, 734 (Minn.App.1988) (stating that damages for loss of support are not limited to income contribution), *review denied* (Minn. Oct.

26, 1988). Further, trial testimony showed that Demo left two young sons, and the mother of Demo's sons testified about the impact of his death on the boys. We cannot conclude that the award was excessive as compensation for the loss that Demo's next of kin suffered because of his death.

Because the jury's compensatory-damages award is not excessive, the district court did not abuse its discretion by denying Hughart's motion for a new trial on damages.

## V.

 Finally, Hughart contends that the district court abused its discretion by denying his motion for remittitur. The district court's decision to deny a motion for remittitur is within the court's sound discretion, and we will not disturb its decision on appeal "in the absence of a clear abuse of discretion." *State by Humphrey v. Briggs,* 488 N.W.2d 811, 814 (Minn.App. 1992), *review denied* (Minn. Sept. 15, 1992). "The test for setting aside a verdict as excessive is whether it shocks the conscience." *Verhel v. Indep. Sch. Dist. No. 709,* 359 N.W.2d 579, 591 (Minn.1984) (citation omitted). The district court must leave the plaintiff with the highest amount permitted by the evidence. *Newmaster v. Mahmood,* 361 N.W.2d 130, 133 (Minn. App.1985).

 Hughart contends that the compensatory-damages award is excessive because Demo was unemployed at the time of his death and there was no evidence presented at trial to support the award. But as we have noted, Demo's employment status is unrelated to the amount of damages, and Thompson presented evidence of the impact of Demo's death on his sons. We conclude, therefore, that the district

court did not abuse its discretion by denying Hughart's motion for remittitur.

## DECISION

The district court did not err by denying appellant's motions for JNOV or a new trial. Further, the district court did not err by denying respondent's motion for JNOV and did not abuse its discretion by denying respondent's motions for a new trial on damages or for remittitur.

**Affirmed.**