John R. JENSEN, Appellant,

v.

**DULUTH AREA YMCA, a Minnesota non-profit corporation, Respondent.**

No. A04–807.

Court of Appeals of Minnesota.

Nov. 16, 2004.

---

Thomas D. Jensen, Lind, Jensen, Sullivan & Peterson, P.A., Minneapolis, MN, for appellant.

Eric D. Hylden, Nicole R. Weinand, Reyelts Leighton Bateman Hylden & Sturdevant, Ltd., Duluth, MN, for respondent.

Considered and decided by HUDSON, Presiding Judge, KALITOWSKI, Judge, and KLAPHAKE, Judge.

## OPINION

KLAPHAKE, Judge.

Appellant John R. Jensen filed suit against respondent Duluth Area YMCA (the YMCA) for terminating his membership in violation of the Minnesota Nonprofit Corporation Act (the act). The district court granted summary judgment to the YMCA. Jensen challenges the dismissal of his claim under the act and his breach of contract claim. Because Jensen failed to follow the requirements necessary to bring a cause of action under Minn.Stat. § 317A.467 (2000), and because Jensen failed to establish damages to support a breach of contract claim, we affirm.

## FACTS

On October 2, 2001, Jensen was running on the track at the YMCA in an attempt to finish 32 laps (two miles) in 20 minutes. Jensen was preparing to take his military physical training test for his position in the National Guard. During his second mile, a group of children came out onto the track and "essentially enveloped" Jensen. Jensen allegedly yelled at the children "get out of the way or I'll run you over."

The next two times Jensen came around the track, he found himself surrounded by children again. Unable to avoid contact, Jensen bumped into some children on the track. Jensen allegedly struck one child on the behind and pushed others out of the way.

The Executive Director of the YMCA, Jeffrey H. Palmer, notified the Board Executive Committee that he was inquiring into the incident and that he would make a decision regarding whether to terminate a member. Palmer interviewed the adults who were in the area during the altercation. He also consulted the incident reports from Jensen, the aquatics director, the swim coaches, and the gymnastics coach who were all present. After hearing Jensen's version of the incident, Palmer terminated Jensen's YMCA membership.

Jensen thereafter sued the YMCA. Following discovery, the YMCA moved for summary judgment. The district court granted summary judgment on four of Jensen's five claims; the parties agreed to dismiss the remaining claim, which alleged defamation. On appeal, Jensen only challenges the dismissal of his claim under the act and his breach of contract claim.

## ISSUES

1. Did the district court err in granting summary judgment on the claim alleging a violation of the Minnesota Nonprofit Corporation Act?

2. Did the district court err in granting summary judgment on the breach of contract claim?

## ANALYSIS

On appeal from summary judgment, this court asks whether there are any genuine issues of material fact and whether the district court erred in applying the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). "A motion for summary judgment shall be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that either party is entitled to a judgment as a matter of law." *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993).

## I.

Jensen argues that the district court erred in granting summary judg-

ment to the YMCA on his claim under the Minnesota Nonprofit Corporation Act (the act). Jensen argues that the YMCA violated Minn.Stat. § 317A.411 (2000), which provides that a membership may not be terminated "except pursuant to a procedure that is fair and reasonable and is carried out in good faith." *Id.*, subd. 1. The statute further provides that a procedure is fair and reasonable if it provides "not less than 15 days' prior notice" of the termination and the reason for it, and "an opportunity for the member to be heard ... not less than five days before the effective date of the ... termination." *Id.*, subd. 2(1), (2).[1]

The following facts are undisputed: (1) Jensen's YMCA membership was terminated after the October 2, 2001 incident; (2) a meeting between Jensen and Palmer took place on October 3, 2001 regarding the incident and Jensen's continued membership at the YMCA; (3) Jensen received a termination letter dated October 3, 2001; and (4) the letter was accompanied by payment for Jensen's unused portion of his membership.

*Minn.Stat. § 317A.467*

The YMCA contends that even if it failed to follow the procedures for terminating a membership, which it does not concede, Jensen did not meet the requirements to bring a cause of action under the act. Specifically, the YMCA argues that the remedy for a violation of Minn.Stat. § 317A.411 is set out in Minn.Stat. § 317A.467 (2000), which provides:

> If a corporation or an officer or director of the corporation violates this chapter, a court in this state, in an action brought by at least 50 members with voting rights or ten percent of the

members with voting rights, whichever is less, or by the attorney general, may grant equitable relief it considers just and reasonable in the circumstances and award expenses, including attorney fees and disbursements, to the members.

It is undisputed that Jensen did not meet the requirements of this statute.

Jensen argues that this statute does not apply to his cause of action because it is only meant to cover ultra vires actions of the corporation. Minn.Stat. § 317A.467, however, does not refer to ultra vires acts and is found in the section of the act addressing membership. A general comment to the act notes that the threshold number of members required "is intended to be high enough to prevent frivolous actions that drain potentially limited resources of nonprofit corporations, while still allowing a minority of members to act." Minn.Stat. Ann. § 317A.165 gen. cmt. (West 2004). Jensen insists that because this comment follows Minn.Stat. § 317A.165, the statute that specifically addresses ultra vires acts, only actions involving ultra vires acts fall within the requirement for a threshold number of members. We disagree. The comment recognizes that "this is the threshold number of members required throughout the act in order to initiate certain member actions." Thus, the fact that the comment follows Minn.Stat. § 317A.165 does not limit the threshold member requirement to suits challenging ultra vires acts.

Jensen next argues that Minn.Stat. § 317A.467 does not apply because he is not seeking equitable relief. His complaint, however, seeks relief not only in the form of damages, but also reinstatement of his membership without condition. Rein-

---

1. We note that the YMCA's bylaws also set out a procedure for termination of a membership based on activities inimical to the best interests of the YMCA. Those bylaws only require a member to be given "10 days' notice in writing of the grounds for such termination, and [the member] shall be afforded a reasonable opportunity to be heard."

statement of his membership constitutes an equitable remedy.

Lastly, Jensen argues that this court should avoid the absurd result of not allowing a member terminated in violation of the act to bring a cause of action without support from the threshold number of members. Jensen asks that this court reconcile Minn.Stat. §§ 317A.467 and 317A.411, and grant individual members rights in such situations. Given the general comment, which indicates that the purpose behind the threshold number is to protect nonprofit corporations from frivolous lawsuits, we do not believe that the result reached here is absurd. Additionally, Minn.Stat. § 317A.467 begins with an explanation that it applies when "a corporation or an officer or director of the corporation violates this chapter." We therefore conclude that a member alleging a violation of Minn.Stat. § 317A.411 must meet the requirements of Minn.Stat. § 317A.467, in order to initiate an action against the nonprofit corporation.

The district court did not err in granting summary judgment to the YMCA on Jensen's claim that the YMCA violated the act.

*Minn.Stat. § 8.31*

■ Jensen alternatively argues that he can maintain his action under Minn.Stat. § 8.31, subd. 3a (2000), which provides:

> In addition to the remedies otherwise provided by law, any person injured by a violation of any of the laws referred to in subdivision 1 [which includes violations of the Nonprofit Corporation Act] may bring a civil action and recover damages, together with costs and disbursements, including costs of investigation and reasonable attorney's fees, and receive other equitable relief as determined by the court.

This statute, referred to as the Private Attorney General Statute, has been held to apply only to claimants who demonstrate that their cause of action benefits the public. *See Ly v. Nystrom,* 615 N.W.2d 302, 313–14 (Minn.2000).

In *Ly,* 615 N.W.2d at 313, the supreme court stated that "[s]ince the Private AG Statute grants private citizens the right to act as a 'private' attorney general, the role and duties of the attorney general with respect to enforcing the fraudulent business practices laws must define the limits of the private claimant under the statute." The court further stated that "[t]he duty of the attorney general's office . . . is the protection of public rights and the preservation of the interests of the state." *Id.* Consequently, claimants under the Private Attorney General Statute must show that their cause of action benefits the public. *Id.* at 314. The holding in *Ly* thus limits the scope of the Private Attorney General Statute from "any person" injured by a violation of certain laws to those "who demonstrate that their cause of action benefits the public." *Id.* (footnote omitted).

Here, Jensen challenges the termination of his individual membership. His claim relates to a single one-on-one incident that affected only him. A successful prosecution of Jensen's claim that the YMCA violated the act would not advance any state interest or be of any benefit to the public. Jensen's claim cannot be considered within the duties and responsibilities of the attorney general to investigate and enjoin. Thus, the district court did not err in granting summary judgment to the YMCA on Jensen's claim under the Private Attorney General Statute.

**II.**

■ Jensen argues that the district court erred by granting summary judgment on his breach of contract claim. A breach of contract claim fails as a matter

of law if the plaintiff cannot establish that he or she has been damaged by the alleged breach. *See Logan v. Norwest Bank Minn., N.A.,* 603 N.W.2d 659, 663 (Minn. App.1999); *Nguyen v. Control Data Corp.,* 401 N.W.2d 101, 105 (Minn.App.1987). "[T]here can be no recovery for damages which are remote, conjectural, or speculative." *Carpenter v. Nelson,* 257 Minn. 424, 428, 101 N.W.2d 918, 921 (1960). But damages need not be proved with certainty; it is legally sufficient that a reasonable basis for approximating loss is shown. *Polaris Indus. v. Plastics, Inc.,* 299 N.W.2d 414, 419 (Minn.1980).

After the termination of Jensen's membership from the YMCA, he joined the University of Minnesota Duluth Recreation Sports Program at an annual cost of $545; his YMCA membership was $510. Jensen contends that the difference in the cost of these memberships constitutes his damages. Jensen's membership with the YMCA, however, ran for only one year; after that year, either party was free to terminate the membership. It is undisputed that the YMCA reimbursed Jensen the unused portion of his yearly membership. The cost of a membership at another health club cannot be considered conse-quential damages, because it was not something foreseeable at the onset of the contract. *See Kleven v. Geigy Agric. Chems.,* 303 Minn. 320, 324, 227 N.W.2d 566, 569 (1975) (stating that direct damages arise out of the breach itself, while consequential damages are damages foreseeably resulting from the breach). We therefore conclude that the district court did not err in granting summary judgment on Jensen's breach of contract claim.

## DECISION

Because Jensen failed to meet the requirements to bring a cause of action under Minn.Stat. § 317A.467 (2000) or Minn. Stat. § 8.31, subd. 3a (2000), and failed to show damages to support his breach of contract claim, the district court did not err in granting summary judgment to the YMCA.

**Affirmed.**