# BOATWRIGHT CONSTRUCTION, INC. v. KEMRICH KNOLLS, A PARTNERSHIP CONSISTING OF RICHARD M. SMITH AND OTHERS.

238 N. W. 2d 606.

January 9, 1976—No. 45262.

*Fredrikson, Byron, Colborn, Bisbee, Hansen & Perlman* and *Jerome S. Rice,* for appellant.

*Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Gary W. Hoch, O. C. Adamson II,* and *J. Richard Bland,* for respondent.

Heard before Rogosheske, Todd, and Yetka, JJ., and considered and decided by the court en banc.

PER CURIAM.

Boatwright Construction, Inc., (Boatwright) appeals from an order and judgment denying its claim for damages for breach of contract and allowing Kemrich Knolls (Kemrich) to retain as liquidated damages a portion of the earnest money paid by Boatwright. The lower court disallowed the counterclaim of Kemrich for damages for breach of contract by Boatwright. We affirm.

In November 1967, Boatwright contracted to purchase 25 lots from Kemrich. The contract provided for a downpayment of $50,000, a take-out schedule of 7 lots by December 31, 1968, and 6 lots in each of the ensuing 3 years. Boatwright was to pay all taxes and assessments during the term of the contract and was deeded one lot of an agreed value of $11,500 without the payment of further consideration. The contract provided that Kemrich was to cause the streets within the tract wherein the lots were located to be oiled at its expense by February 1968. This was never done, but permanent road surfacing was completed by the municipality in October 1969. Boatwright was financially unable to meet its take-out commitments in both 1968 and 1969, and received extensions. By December 1970, Boatwright had purchased 15 of the 25 lots it was obligated to purchase. At that time, it purported to rescind the contract, relying on its claim that Kemrich's failure to oil the streets was a material breach. Kemrich counterclaimed, alleging damages. In March 1971, an interim order was entered and pursuant thereto Boatwright quitclaimed the remaining 10 lots to Kemrich which in turn resold the lots. The gross sales price on resale was in excess of the contract price, but Kemrich alleged that the accumulation of assessments and taxes caused it to sustain a loss of $45,000.

The trial court found that Kemrich had breached the contract in failing to provide oiling of the streets, but further found that this was not a material breach of the contract. In addition, the court found that Kemrich had failed to establish damages by reason of Boatwright's improper rescission of the contract. Finally, the court held that Kemrich was entitled to retain as liquidated damages the balance of the downpayment, $38,500, pursuant to the contract provision which provided for such retention.

Boatwright contends the evidence does not justify the trial court's finding that the breach by Kemrich was not a material breach and that the allowance of liquidated damages in this case constitutes a penalty. At oral argument both parties conceded

that the issue of liquidated damages had not been pleaded, but Boatwright further conceded that it had not challenged the failure to plead in its motion for amended findings in the trial court.

We have carefully examined the evidence and exhibits and hold that the trial court was correct in concluding that the acts of Kemrich which Boatwright alleged were breaches of the contract did not constitute material breaches.

Further, we hold that the trial court's allowance of liquidated damages under the facts of this case did not constitute a penalty and was a proper measure of damages. See, Schutt Realty Co. v. Mullowney, 215 Minn. 340, 10 N. W. 2d 273 (1943).

Affirmed.