BOB ACRES, LLC, Appellant,

v.

SCHUMACHER FARMS,
LLC, Respondent.

No. A10–1945.

Court of Appeals of Minnesota.

April 5, 2011.

Roger M. Stahl, Wendland Utz, Ltd., Rochester, MN, for appellant.

John S. Beckmann, Hoversten, Johnson, Beckmann & Hovey, LLP, Austin, MN, for respondent.

Considered and decided by MINGE, Presiding Judge; LARKIN, Judge; and CRIPPEN, Judge.

## OPINION

CRIPPEN, Judge.[*]

Appellant BOB Acres, LLC, seeks performance of its 2006 agreement to buy real estate from respondent Schumacher Farms, LLC, and disputes the district court's summary judgment concluding that the contract was invalid. Because the district court erred in determining that the agreement lacked consideration, we reverse, but we remand for the court's determination of an appropriate remedy for respondent's failure to perform.

## FACTS

On June 12, 2006, appellant entered into a written agreement to purchase 25 acres of undeveloped land from respondent for $70,000; the sale was to close within 60 days, before August 14, 2006. The agreement recited the promises of the parties and respondent's receipt of a $500 earnest money payment, but the parties stipulate that earnest money was never discussed, paid, or demanded until after this suit commenced.

On July 27, respondent's attorney furnished appellant an abstract of title for the 25–acre tract. A week later, appellant furnished a copy of the title commitment and by e-mail asked counsel for respondent, "How would you like to handle the closing?" On August 14, when appellant complained that there was no contact from respondent's attorney, the principal for respondent said she would contact counsel "right away" and "thought everything was done."

Despite the early-August exchanges, the closing did not occur. Nothing in the stipulation of facts permits inferences that appellant was unable or unwilling to tender the purchase price by August 14 or that respondent could not have closed the transaction by this date.

Instead of closing the sale, respondent asked its attorney to begin drafting an easement that reserved access for turning farm equipment and for recreation. On August 29, counsel for respondent apologized for her delay and said she would send the easement agreement when the legal description was determined. She added: "I believe this easement is the last issue to be resolved and that we will be ready to close once we agree on the easement." A draft easement was circulated in October, but respondent's attorney said she was still waiting for final approval from respondent, evidently on the final easement-agreement draft.[1] When appel-

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

1. The relevant e-mail from counsel for respondent, on October 20 contains an attachment of the easement agreement and advises that it also contains a minor change suggested by appellant's counsel on October 13. The

lant's attorney next asked about the sale on December 11, the stipulation of the parties says that on December 14 respondent replied "that it was no longer willing to complete the sale."

Appellant sued for specific performance and subsequently attempted to tender the $500 in earnest money, which respondent refused. Respondent answered by claiming the contract was not a purchase agreement, but rather an "option" and was unenforceable for lack of consideration. Respondent also counterclaimed for damages from appellant's alleged trespasses onto the property and for nuisance. The parties stipulated to the facts and made cross motions for summary judgment.

The district court dismissed appellant's claim and denied appellant's request for specific performance. The court held that there was no valid purchase agreement because the earnest money constituted consideration and appellant's failure to pay the earnest money left the contract without consideration. Although it went beyond its holding, the court also rejected appellant's argument that respondent had waived the closing-date provisions of the contract.

## ISSUES

1. Did the district court err by concluding that the parties' contract was unenforceable because of lack of consideration?

2. Did the court err by concluding that respondent did not waive strict performance of the contract?

3. Did the district court abuse its discretion by refusing to order specific performance of the contract?

message adds: "We are waiting for final approval from our client. We will let you know as soon as we hear from them." Nothing in

## ANALYSIS

■ Summary judgment is appropriate if there are no genuine issues of material fact and one party is entitled to judgment as a matter of law. Minn. R. Civ. P. 56.03. The parties have stipulated to the facts and construction of their 2006 agreement; when the facts are not disputed, construction of a contract is a question of law. *Alpha Real Estate Co. of Rochester v. Delta Dental Plan of Minn.*, 671 N.W.2d 213, 221 (Minn.App.2003), *review denied* (Minn. Jan. 20, 2004).

### 1. Consideration

■ Disputing the district court's analysis, appellant argues that consideration for the purchase agreement existed in the mutual promises of the parties—appellant's promise to purchase the property and respondent's promise to sell it. Despite the exchange of promises, the court concluded that "there was no consideration for the contract because [appellant] failed to tender payment of the earnest money."

■ The existence of consideration presents a question of law, which is reviewed de novo. *Brooksbank v. Anderson*, 586 N.W.2d 789, 794 (Minn.App.1998), *review denied* (Minn. Jan. 27, 1999). To be enforceable, an agreement or promise requires consideration. *E.J. Baehr v. Penn-O-Tex Oil Corp.*, 258 Minn. 533, 538–39, 104 N.W.2d 661, 665 (1960). But it is long-settled contract law that "[a] promise is a sufficient consideration for a return promise." 1 Arthur L. Corbin, *Corbin on Contracts* § 142, at 611 (1963). This confines the question to the impact of a false recital of earnest money paid on the enforceability of the contract.

the record suggests that respondent's counsel expected approval in any regard other than the easement.

■ "The false recital of acknowledgement of receipt of the initial payment cannot be used ... to avoid the contract." *Craigmile v. Sorenson,* 239 Minn. 383, 395, 58 N.W.2d 865, 872 (1953). Although this holding concerned a contract for deed, we are not presented with any reason to distinguish the purchase agreement of the parties. Using an example to repeat its holding, with recital of a $10,000 sale but a false recitation of a $1,000 earnest money payment, the court observed: "A contract exists, but [the seller's] duty to transfer is conditional upon the full payment by [the buyer] of $10,000." *Id.* (quotation omitted). The district court agreed that in such a case, the purchase agreement of the parties did not automatically fail for lack of consideration because it contained a false recital that $500 earnest money had been paid. *Id.*

The cases cited by appellant from jurisdictions outside Minnesota support this conclusion. *See, e.g., 3511 13th Street Tenants' Ass'n v. 3511 13th Street, N.W. Residences, LLC,* 922 A.2d 439, 443 (D.C.2007) (holding that the failure to pay earnest money could be considered a material breach of a contract excusing further performance, but that it did not cause the contract to fail for lack of consideration); *Brigham v. First Nat'l Bank of Arizona,* 129 Ariz. 160, 629 P.2d 996, 998 (Ariz.Ct. App.1981) (noting that a relatively small earnest money payment is merely an assurance that the purchaser is acting in good faith). Appellant's good faith in this transaction was not questioned.

Our analysis of consideration is supported by the parties' stipulated facts. They agree that "[appellant] and [respondent] never discussed the subject of earnest money until after December 2006 and the institution of this present lawsuit." It is evident in the stipulated facts that respondent made its promise to sell the land in exchange for appellant's promise to purchase the land, not in reliance on appellant's payment of earnest money. We are not called upon in this case to consider different circumstances, either in terms of the amount of earnest money, the absence of language acknowledging its receipt, or other evidence on the significance of earnest money to the parties.

The district court erred as a matter of law when it granted respondent's motion for summary judgment on the ground that no valid contract existed between the parties.

### 2. Closing Date

■ Respondent asserts that, even if the parties entered into a valid contract, the purchase "agreement was a dead letter after August 14, 2006, and no longer thought to be binding between the parties," because the contract recited that time was of the essence, yet the closing date passed without the scheduled closing. Thus, asserting a breach of the agreement, respondent argues that it was entitled to cancel the purchase agreement or to be excused from further performance. Appellant's cross-motion for summary judgment rests on the contention that respondent waived the right to strictly enforce the closing deadline by its actions.

The district court rejected appellant's waiver argument, finding that respondent "retained" its right for an August 2006 closing. The court found that "[respondent]'s actions involving the easement negotiations after the purchase date only further supports its unwillingness to continue to perform."

■■ Waiver is "an intentional relinquishment of a known right" that must "clearly be made to appear from the facts disclosed." *Citizens Nat'l Bank of Madelia v. Mankato Implement, Inc.,* 441 N.W.2d 483, 487 (Minn.1989) (quotation omitted). "Ignoring a provision in a con-

tract will constitute waiver if the party whom the provision favors continues to exercise his contract rights knowing that the condition is not met." *Patterson v. Stover*, 400 N.W.2d 398, 401 (Minn.App. 1987).

The district court concluded that respondent did not act as though it had waived strict compliance with the purchase agreement terms. But according to the stipulated facts, together with documents in the record not disputed or refuted by respondent, the seller (1) never asked for the earnest money or objected to the nonpayment of the earnest money; (2) sent the abstract of title to appellant's attorney; (3) asked the township board to permit an administrative split of the property; (4) asked its attorney prior to the closing to draw up an easement agreement; (5) told appellant that it would contact respondent's attorney regarding the closing arrangements when no closing occurred on August 14; (6) through its attorney, assured appellant that it would be ready to close once the easement agreement was drafted; and (7) circulated an easement agreement that appellant approved in October 2006.

■ The earnest money provision favored respondent, yet respondent never sought to enforce it until it decided to withdraw from the purchase agreement. The time-is-of-the-essence clause would presumably favor both parties, yet neither party asserted a timeliness interest. Finally, although the parties agreed that no waiver of a term would be operative unless made in writing, courts have permitted a waiver of such clauses by oral consent, *Citizens Nat'l Bank*, 441 N.W.2d at 487, or by a party's behavior in ignoring a contract provision knowing that a condition had not been met, *Patterson*, 400 N.W.2d at 401. As the Minnesota Supreme Court stated:

Minnesota case law is in accord with the proposition that where the course of conduct of a party entitled to the performance of certain terms or conditions of a contract has led the other party to believe that such performance will not be required until it has become too late to perform, the person who has so conducted himself is barred from asserting the right he had.

*Wolff v. McCrossan*, 296 Minn. 141, 145, 210 N.W.2d 41, 44 (1973).

Although the district court observed that respondent discontinued performance "according to the agreement," respondent has shown nothing to rebut the evidence that it anticipated closing of the June 2006 purchase agreement as it engaged in discussion of the ancillary easement agreement. Respondent's actions throughout the process suggest that it waived timely payment of the earnest money and timely performance of the closing, and the district court's contrary conclusion is not supported by the record. Respondent has failed to offer evidence creating a genuine issue of material fact on the continued enforceability of the purchase agreement.

■ It is also evident from our review of the record that the failure to abide by the original closing date was not a material breach of the contract. A material breach is "[a] breach of contract that is significant enough to permit the aggrieved party to elect to treat the breach as total (rather than partial), thus excusing that party from further performance and affording it the right to sue for damages." *Black's Law Dictionary* 214 (9th ed.2009). A material breach "goes to the root or essence of the contract." 15 Samuel Williston & Richard A. Lord, A Treatise on the Law of Contracts § 44:55 (4th ed.2000). The supreme court has held that even when express conditions of the contract are violated, the breach is not necessarily

material. *See Boatwright Constr., Inc. v. Kemrich Knolls,* 306 Minn. 519, 520–21, 238 N.W.2d 606, 607 (1976) (holding that although seller of tract of land made express contractual agreement to oil streets by a specific date, seller's failure to oil such streets was not a material breach). Nothing in this record, beyond the bare recital that "time is of the essence," supports a finding that the August 14, 2006, closing date was the "root or essence of the contract" in the circumstances of this case.

Accordingly, the purchase agreement between the parties remained valid and enforceable, and we reverse the district court's order (1) summarily dismissing appellant's claims and (2) denying appellant's cross-motion for summary judgment insofar as it addresses its right to relief on the purchase agreement.

### 3. Specific Performance

▬ In its motion for summary judgment, appellant requested specific performance, which the district court denied based on its conclusion that there was no valid contract between the parties. On breach of a valid agreement, the district court has discretion to determine whether specific performance is justified in a given situation. *Lilyerd v. Carlson,* 499 N.W.2d 803, 811 (Minn.1993). "Specific performance of a contract to convey real estate is not a matter of absolute right, and if enforcement would be unconscionable or inequitable, performance will not be decreed." *Hilton v. Nelsen,* 283 N.W.2d 877, 881 (Minn.1979) (quotation omitted). A determination of whether specific performance is appropriate is entrusted to the district court's discretion and should be made in the first instance by the district court. "The function of the court of appeals is limited to identifying errors and then correcting them." *Sefkow v. Sefkow,* 427 N.W.2d 203, 210 (Minn.1988).

In light of our determination that the purchase agreement between the parties is valid and enforceable, the issue of the appropriate remedy is revived. Appellant conceded at oral argument that if this court concluded there is a valid contract between the parties and that respondent is not entitled to cancellation or nonperformance due to appellant's failure to close by August 14, the appropriate course of action is to remand to the district court to determine the appropriate remedy. Accordingly, we decline to determine if specific performance is appropriate and remand for that determination.

### DECISION

An exchange of promises provides adequate consideration in a contract for the purchase of real property; the false recital of receipt of earnest money does not preclude formation of a binding contract premised on an exchange of promises. Respondent has not shown a genuine issue of material fact that precludes summary judgment for appellant on the enforceability of the June 2006 purchase agreement. We remand for determination of the appropriate remedy on appellant's claims.

**Reversed and remanded.**