# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1753
_____

Douglas E. Reuter

*Plaintiff - Appellant*

v.

Jax Ltd., Inc.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: December 12, 2012
Filed: April 3, 2013

_____

Before WOLLMAN, BYE, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Douglas E. Reuter sought a declaratory judgment against Jax Ltd., Inc., the exclusive manufacturer and distributor of a game he invented. Reuter alleged that Jax breached their contract by granting unauthorized sublicenses and failing to apprise

him of unauthorized sales and Jax's response to them. The district court[1] gave summary judgment to Jax. Reuter appeals. This court affirms.

## I.

In 1981, Reuter granted Jax exclusive rights to manufacture, distribute, and sell his board game Sequence. In 2006, the parties agreed that Walmart would not be a vendor (unless Reuter expressly approved). In January 2010, Jax learned of unauthorized sales at Walmarts in Canada. Anjar Co., Jax's agent, sent a cease-and-desist letter to Walmart. In February, Reuter independently learned of the sales and sent friends to buy games as evidence. Though each party was obligated to notify the other of such sales, neither communicated about them until May, when Reuter notified Jax that Walmart was selling the game.

In February 2011, Reuter filed a two-count complaint seeking declaratory judgment for breach of contract. Jax moved for summary judgment on July 1. On July 14, the day before the deadline for amended pleadings, Reuter moved to amend the complaint. The district court granted Jax's motion to stay the hearing on Reuter's motion until after ruling on the summary judgment motion. In September, the court granted Jax summary judgment, finding that Reuter waived Jax's breach by also failing to notify Jax of unauthorized sales, that any breach was not material, and that Reuter had failed to show damages. In October, Reuter moved to lift the stay and amend the complaint. The court denied his motion to amend, stating that the proposed amended complaint was "meaningfully different" from the initial proposed amendment, and failed to meet Rule 16's requirement of good cause.

## II.

Reuter argues that the district court erred in granting summary judgment on Count 2 of his complaint. This court reviews a grant of summary judgment de novo,

---

[1]The Honorable Susan Richard Nelson, United States District Court for the District of Minnesota.

viewing all evidence most favorably to the appellant. ***Hill v. City of Pine Bluff, Ark.***, 696 F.3d 709, 711 (8th Cir. 2012). It is granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." **Fed. R. Civ. P. 56**. "Summary judgment is not appropriate if the nonmoving party can set forth specific facts, by affidavit, deposition, or otherwise, showing the existence of a genuine issue for trial." ***Grey v. City of Oak Grove, Mo.***, 396 F.3d 1031, 1034 (8th Cir. 2005). "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under prevailing law." ***Id.***

Count 2 alleges that Jax breached the contract by failing to apprise Reuter of unauthorized sales and Jax's response to them. Paragraph 8 of the parties' Licensing Agreement states:

> In the event of any apparent unauthorized use or infringement or imitation by others of the Licensed Product which may come to Licensee's or Licensor's attention, the parties shall notify each other of such infringement and if Licensor consents, it shall join Licensee in the commencement of any actions or proceedings against such infringer, share equally the expenses of such actions or proceedings, and share equally the amount of any recovery obtained therefrom. . . . Licensor and Licensee shall fully cooperate with each other, execute any documents required by either, and keep each other apprised of all matters incident to such actions or proceedings.

Reuter objects to the summary judgment, claiming genuine issues of material fact exist whether Jax met its duty to apprise Reuter. He argues that "the district court wrongly focused on the separate contractual duty of initial notification as the sole basis with which to dismiss the claim." He claims he never purported to terminate the agreement because of any failure to notify, but instead because of Jax's "'failure to apprise' consistent with the duties set out in paragraph 8." His original complaint in fact alleges both failures, to notify and to apprise. While the district court focused on the failure to notify, the court's reasoning in granting summary judgment applies to the failure to apprise: Reuter fails to show that the alleged breach was damaging or material.

-3-

Reuter justifies his termination based on Paragraph 9 of the Agreement: "In the event that Licensee defaults in the performance of any of the terms of the Agreement and such default is not cured within thirty (30) days after notice thereof from Licensor, Licensor may terminate this Agreement forthwith by so notifying Licensee." But, under Minnesota law, "[a] breach of contract claim fails as a matter of law if the plaintiff cannot establish that he or she has been damaged by the alleged breach." *Jensen v. Duluth Area YMCA*, 688 N.W.2d 574, 578-79 (Minn. Ct. App. 2004). To prove damages, Reuter "must demonstrate by a preponderance of evidence that: '(a) profits were lost, (b) the loss was directly caused by the breach . . . , and (c) the amount of such causally related loss is capable of calculation with reasonable certainty rather than benevolent speculation.'" *Hinz v. Neuroscience, Inc.*, 538 F.3d 979, 984 (8th Cir. 2008), *quoting B & Y Metal Painting, Inc. v. Ball*, 279 N.W.2d 813, 816 (Minn. 1979).

Reuter's original complaint did not allege any monetary damages, and at the summary judgment hearing he admitted "we don't know" of any damages. He now claims that "Jax's withholding of this information damaged Reuter by frustrating his ability to police and defend his copyrights and other intellectual property rights and to confirm that he had been paid all royalties due him." He further maintains that harm need not be pecuniary and that he was harmed by denial of his right to control the use of his copyrighted materials. To the contrary, he has not met Minnesota's requirements to show loss of profit, causal connection, or even that such a loss is calculable. Further, his claim to such speculative harm is undercut by emails he sent pursuing a deal with Walmart.

Reuter also fails to establish the breach's materiality. To justify termination, the breach must be material. *See BOB Acres, LLC v. Schumacher Farms, LLC*, 797 N.W.2d 723, 728-29 (Minn. Ct. App. 2011) (holding that because breach of contract was not material, performance under the contract was not excused). "A breach is material when 'one of the primary purposes' of a contract is violated." *Hous. and Redevelopment Auth. of St. Cloud v. Tesfaye*, 2010 WL 1753271, at *4 (Minn. Ct.

-4-

App. May 4, 2010) (unpublished), *quoting **Steller v. Thomas***, 45 N.W.2d 537, 542 (Minn. 1950). "The supreme court has held that even when express conditions of the contract are violated, the breach is not necessarily material." ***BOB Acres***, 797 N.W.2d at 728-29, *citing **Boatwright Constr., Inc. v. Kemrich Knolls***, 238 N.W.2d 606, 607 (Minn. 1976).

The district court concluded that "the primary purpose of the Agreement was to allow Jax to manufacture and distribute Sequence in exchange for royalties to be paid to Reuter." Reuter argues that the contract had multiple primary purposes, including "the exploitation of Reuter's intellectual property." Even if that were a primary purpose, and even if it were meaningfully different from the purpose stated by the district court, it was not materially violated by Jax's failure to keep Reuter apprised of its proceedings against Walmart.

Even if Reuter did not waive Jax's breach with his own breach, any factual disputes are not outcome determinative because Jax's breach was neither damaging nor material. The court properly granted summary judgment.[2]

Reuter repeatedly argues that Jax ratified the unauthorized sales. He cites the fact that Jax's agent assigned license agreements (previously with two other companies) to Jax permitting Walmart sales. Reuter does not point to any evidence that Jax ever authorized the sales. Upon learning of them, Jax directed the agent to send a cease-and-desist letter. When notified by Reuter that sales continued, Jax saw that Walmart removed Reuter's game. Such actions by Jax cannot be interpreted as ratifying continued Walmart sales.

---

[2]Reuter also details for the first time in his reply brief that the district court erroneously made inferences against him. This argument is not separately considered. *See **Jenkins v. Winter***, 540 F.3d 742, 751 (8th Cir. 2008) ("This court does not consider issues raised for the first time on appeal in a reply brief unless the appellant gives some reason for failing to raise and brief the issue in his opening brief." (internal quotation marks omitted)); ***Peavy v. WFAA-TV***, 221 F.3d 158, 176 (5th Cir. 2000) ("This issue, raised in a footnote, is *not* adequately briefed.").

III.

Reuter argues that the district court erred in denying him leave to file an amended complaint to add claims for breach of contract. This court generally reviews a district court's denial of leave to amend a complaint for abuse of discretion, though the underlying legal conclusions for a denial based on the futility of the proposed amendments are reviewed de novo. **Walker v. Barrett**, 650 F.3d 1198, 1210 (8th Cir. 2011).

On July 14, 2011, the day before the deadline for amended pleadings, Reuter moved to amend his complaint. In October – after the court stayed that motion, granted summary judgment, and received Jax's Rule 11 motion against Reuter's first proposed amended complaint – Reuter moved for leave to file a *second* amended complaint. Because it was filed after the motion deadline and the district court concluded it replaced the original motion to amend, the court applied Rule 16's good cause standard and denied the motion.

Reuter argues that the original motion to amend was never terminated or abandoned, and so the more liberal Rule 15 standard should apply to three of the claims that he asserts "remained intact and largely unchanged in the two subsequent modifications proposed by Reuter after the deadline but before the Court ruled." Putting aside whether Reuter's argument on appeal matches the one he made below, it was proper to deny the motion to amend because the three allegedly unchanged claims were futile. A district court may deny leave to amend "if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." **Sherman v. Winco Fireworks, Inc.**, 532 F.3d 709, 715 (8th Cir. 2008) (internal quotation marks omitted). Duplicative and frivolous claims are futile. *See* **Lindell v. McCaughtry**, 115 Fed. Appx. 872, 876 (7th Cir. 2004) (unpublished); **Bonin v. Calderon**, 59 F.3d 815, 846 (9th Cir. 1995).

The three claims at issue are either duplicative or frivolous. The first claim, alleging a breach of contract for Jax's failure to pay Reuter royalties for foreign sales, essentially repackages the original complaint's allegation that Jax breached the contract by granting unauthorized sublicenses. Even if sufficiently dissimilar, the claim is futile because the alleged breach is immaterial and did no damage. Reuter admits that Jax paid him about $267,000 in lost royalties, but complains that they were "not for royalties it had collected but for royalties it calculated would have been due Reuter had Jax collected or properly paid such foreign royalties." He points to no evidence of damage by Jax's paying out-of-pocket rather than from direct royalties. He objects that his "auditors have been unable to obtain direct confirmation of the amounts supporting Jax's voluntary payment." But Reuter identifies no evidence that the amount is inadequate and does not attempt to do so. As the district court pointed out, if Reuter believed that facts showing such harm needed development, he should have filed an affidavit under Rule 56(d).

The second claim, alleging a breach of contract for Walmart sales, fails for the reasons explained above: it was not material and Reuter has failed to show damage.

The third claim, alleging a breach of contract for failure to involve Reuter in the Walmart sales, is the same as one of the two original counts. It was adequately answered by the district court, as explained above.

Reuter argues that even if this court finds the proposed amendments futile, it must find that the district court abused its discretion because it undertook no Rule 15 futility analysis and instead incorrectly applied Rule 16. *See **Smith v. Chem. Leaman Tank Lines, Inc.***, 285 F.3d 750, 752 (8th Cir. 2002) ("A district court abuses its discretion if it applies the incorrect law."). This court puts aside the question of which Rule applies. The district court's failure to analyze futility does not preempt this court's upholding the motion's denial on that basis. The record supports such a denial, and "we may affirm the district court's judgment on any basis supported by the record." ***Wisdom v. First Midwest Bank, of Poplar Bluff***, 167 F.3d 402, 406 (8th Cir. 1999). *See also **Gralike v. Cook***, 191 F.3d 911, 921 n.9 (8th Cir. 1999)

(affirming judgment on grounds not considered by the district court); ***United States v. Sager***, 743 F.2d 1261, 1263 n.4 (8th Cir. 1984) ("We review judgments, not opinions, and we may affirm a judgment on any ground supported by the record, whether or not that ground was urged below or passed on by the District Court."). Other circuits have also addressed futility where the district court did not. *See **Great W. Mining & Mineral Co. v. Fox Rothschild LLP***, 615 F.3d 159, 175 (3d Cir. 2010) ("In the instant case, however, the District Court did not consider whether permitting Great Western to amend and substitute Proposed Amended Complaint 3 would have been futile, thus our review is de novo, applying the same standard that would have been applied by the District Court."); ***Oleson v. United States***, 27 Fed. Appx. 566, 570-71 (6th Cir. 2001) (unpublished) (affirming the district court's denial of a motion to amend on the basis that the same outcome would result under the district court's analysis (which the Sixth Circuit neither approved nor rejected) or under futility analysis (which the district court had not performed)).

The district court did not err in denying Reuter's motion to amend the complaint.

## V.

The judgment of the district court is affirmed.

_____