# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2277
_____

Steven Pliam and Anjali Ganapathy

*Plaintiffs - Appellants*

v.

Cendant Mortgage Corporation, a New Jersey corporation,
doing business as PHH Mortgage Corporation, doing
business as Burnett Home Loans; and Federal National
Mortgage Association, a District of Columbia corporation

*Defendants - Appellees*

Jane Does 1-10 and John Does 1-10

*Defendant*s
_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis
_____

Submitted: May 14, 2013
Filed: July 11, 2013
[Unpublished]
_____

Before WOLLMAN, MURPHY, and SMITH, Circuit Judges.
_____

PER CURIAM.

Steven Pliam and Anjali Ganapathy (collectively Homeowners) appeal from the district court's[1] order dismissing their amended complaint. We affirm.

In 2002, Homeowners borrowed $236,750 from PHH Mortgage Corporation (PHH) to purchase a home, which they secured with a mortgage on the property. PHH signed and recorded the mortgage.

Sometime after the end of 2008, Homeowners defaulted on their mortgage. After an unsuccessful attempt to modify the mortgage, PHH sent Homeowners a proposed Loan Modification Agreement (the agreement) in March 2010. The cover letter to the agreement stated, in relevant part: "This Modification Agreement will not be binding or effective until both you and PHH Mortgage Services have signed it. . . . Please allow 30 to 45 days for the Loan Modification process to be completed." Homeowners sent the signed, notarized agreement, along with $4,000, to PHH on March 29, 2010, and began making payments in May 2010 in accordance with the agreement. The agreement was notarized and recorded on August 24, 2010, but was signed only by Homeowners.

On September 21, 2010, Ganapathy emailed PHH to ask why a PHH representative had not signed the agreement and whether the agreement was fully executed. PHH apologized for the missing signature and stated that the missing signature did not impact the validity of the agreement and that it would have the agreement signed and re-recorded. Homeowners thereafter stopped making payments. PHH signed the agreement on December 10, 2010, re-recorded it on December 21, 2010, and thereafter foreclosed on the property.

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

Homeowners sued PHH and others, alleging that, among other things, PHH had breached the agreement and the implied covenant of good faith and fair dealing by failing to sign the agreement within a reasonable time. PHH moved for dismissal under Federal Rule of Civil Procedure 12(b)(6), and the district court granted the motion.

On appeal, Homeowners challenge only the dismissal of the breach of contract and breach of the implied covenant of good faith and fair dealing claims.

Assuming that PHH's failure to sign the agreement before December 2010 constituted a breach thereof, it was not a material breach and did not excuse Homeowners' non-performance. See Reuter v. Jax Ltd., Inc., 711 F.3d 918, 921 (8th Cir. 2013) ("A breach is material when one of the primary purposes of a contract is violated." (quoting Hous. & Redevelopment Auth. of St. Cloud v. Tesfaye, No. A09-997, 2010 WL 1753271, at *4 (Minn. Ct. App. May 4, 2010) (unpublished) (internal quotation marks and citation omitted))); BOB Acres, LLC v. Schumacher Farms, LLC, 797 N.W.2d 723, 728 (Minn. Ct. App. 2011) ("A material breach is [a] breach of contract that is significant enough to permit the aggrieved party to elect to treat the breach as total (rather than partial), thus excusing that party from further performance and affording it the right to sue for damages." (alteration in original) (internal quotation marks and citation omitted)), cited in Reuter, 711 F.3d at 921. Nor did PHH's failure to sign and re-record the agreement before December 2010 cause Homeowners any damages. See Hoy v. Niemela, No. A12-1806, 2013 WL 2926975, at *2 (Minn. Ct. App. June 17, 2013) (unpublished) ("A party must also prove damages arising from the breach in order to prevail" on a breach of contract claim.). Accordingly, Homeowners' breach of contract claim fails.

Homeowners' breach of the implied covenant of good faith and fair dealing claim similarly fails, because their amended complaint contained no allegations that the alleged breach—PHH's failure to sign the agreement within a reasonable

time—somehow hindered their ability to make payments. See N. Star Int'l Trucks, Inc. v. Navistar, Inc., No. A12-0732, 2013 WL 1392939, at *7 (Minn. Ct. App. Apr. 8, 2013) (unpublished) ("The implied covenant of good faith and fair dealing is breached when one party to a contract unjustifiably hinders the other party from performing."); see also Cox v. Mortg. Elec. Registration Sys., Inc., 685 F.3d 663, 671-72 (8th Cir. 2012) ("Minnesota law requires a claim for breach of the duty of good faith and fair dealing to allege 'a causal link between the alleged breach and the party's claimed damages.'" (quoting LaSociete Generale Immobiliere v. Minneapolis Cmty. Dev. Agency, 44 F.3d 629, 638 (8th Cir. 1994))). Nor did Homeowners' amended complaint contain any allegations that PHH "acted in bad faith in relation to an underlying contractual duty." M.M. Silta, Inc. v. Cleveland Cliffs, Inc., 616 F.3d 872, 880 (8th Cir. 2010).

The judgment is affirmed.

_____