# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-1005

_____

Michael H. Johnson, Jr.

*Plaintiff - Appellant*

v.

Wells Fargo Bank, N.A., as trustee for the Holders of the SASCO 2007 MLN1
Trust Fund

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: November 19, 2013
Filed: February 25, 2014

_____

Before RILEY, Chief Judge, MELLOY and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

Michael Johnson is a homeowner attempting to save his home from foreclosure. Johnson alleges that the mortgage trust that claims to hold his mortgage was not validly assigned the mortgage, and therefore, his mortgage may not be foreclosed by the trust. Wells Fargo, acting as trustee for the mortgage trust, moved

for summary judgment. The district court[1] granted summary judgment in favor of Wells Fargo, finding the assignment to the mortgage trust was valid. We affirm.

## I. Background

Wells Fargo Bank, N.A., acting as trustee of the SASCO 2007 MLN1 Trust Fund ("Trust"), commenced foreclosure of the Johnson mortgage in early 2011, scheduling a sheriff's sale for May 6, 2011. Johnson brought suit to stop the foreclosure, and Wells Fargo removed the case to federal court.

Johnson claims that the assignment of the mortgage to the mortgage trust was void under New York law because it violated the terms of the trust agreement. The Trust is organized under New York law as a Real Estate Mortgage Investment Conduit ("REIMC"), with a startup date of March 13, 2007. The parties agree that the Trust may not be assigned a new mortgage (i.e., acquire a new mortgage) after its startup date because any attempted purchase of a mortgage after the startup date is void under New York trust law.[2] In this case, the mortgage was assigned to the Trust February 1, 2011, almost four years after the startup date of the Trust.

---

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

[2]As an REIMC, the Trust's income is not subject to taxation at the corporate level. See 26 U.S.C. § 860A. For tax reasons that are not relevant to this dispute, the terms of the trust agreement prohibit the Trust from acquiring "non-qualified" mortgages. See 26 U.S.C. §§ 860F & G. For purposes of this case, a mortgage is considered "non-qualified" if it was not in the possession of the Trust on the startup date of the Trust. See 26 U.S.C. § 860G(a)(3). Finally, under New York trust law, any action taken in violation of the trust agreement is void. See N.Y. Est. Powers & Trusts Law, § 7-2.4.

The parties also agree, however, that there is an exception to the restriction on the assignment of mortgages after a trust's startup date. A trust may be assigned a mortgage after its startup date if the trust held the promissory note underlying the mortgage on its startup date. Thus, if the underlying note was acquired on or before March 13, 2007, the mortgage was validly assigned to the Trust, and the Trust may foreclose. If, however, the note was not acquired by the Trust until after March 13, 2007, then the assignment of the mortgage is prohibited by the trust agreement and void under New York law, and the Trust may not foreclose. The dispute in this case is thus primarily a factual dispute regarding whether the note was physically received by the Trust prior to the startup date.[3]

Johnson claims his promissory note was not physically received by the Trust prior to the startup date and therefore does not qualify for the exception. Wells Fargo contends that the Trust did indeed receive the promissory note before the startup date. The district court granted summary judgment in favor of the Trust, finding no reasonable jury could conclude that the Trust did not possess the underlying promissory note on its startup date.

## II. Discussion

"We review a district court's grant of summary judgment de novo, viewing the facts in the light most favorable to the nonmoving party and giving that party the benefit of all reasonable inferences that can be drawn from the record." Residential

---

[3] Johnson also claims that the district court erred in finding that the note had been assigned, as opposed to physically transferred, to Wells Fargo. "'We review judgments, not opinions, and we may affirm a judgment on any ground supported by the record . . . .'" Reuter v. Jax Ltd., Inc., 711 F.3d 918, 923 (8th Cir. 2013) (quoting United States v. Sager, 743 F.2d 1261, 1263 n.4 (8th Cir. 1984)). Because we find the district court did not err in its ultimate conclusion, we need not consider whether the district court erred on this issue.

Funding Co., LLC v. Terrace Mortg. Co., 725 F.3d 910, 915 (8th Cir. 2013) (quotation omitted). "Summary judgment is appropriate if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Id. "That is not to say, however, that the existence of [a dispute] . . . necessarily preclude[s] summary judgment." Cherne Contracting Corp. v. Marathon Petroleum Co., LLC, 578 F.3d 735, 740 (8th Cir. 2009). Summary judgment is also appropriate in favor of the moving party "where no reasonable jury could find the facts necessary to entitle [the non-moving party] to relief." Id. (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986)).

As the Trust was being setup, notes and mortgages from many different loans were being transferred to the Trust, and the custodian for the Trust, U.S. Bank, was receiving the documents pertaining to the loans. On March 9, 2007, U.S. Bank provided an initial certification in which it "certifie[d] that it ha[d] received the applicable documents . . . for each Custodial File pertaining to each Mortgage Loan listed on the Mortgage Loan Schedule attached as Exhibit A to the Custodial Agreement, subject to any exceptions noted on the Exception Report attached . . . ." Kemayah Aff. Ex. 4 at 1, No. 11-01254, ECF No. 35-5.[4] This initial certification is the primary evidence of whether the Trust had received the note by the startup date.

The list provided that U.S. Bank was missing the "SECI–Security Instrument" related to the Johnson loan. Id. at 69. The comment to the entry explained that the "Document is a True & Correct copy" but that the custodian still "need[ed] [the] recorded original." Id. The district court interpreted this to mean that while the Trust

---

[4]We note Exhibit 4 is a sealed document. We presume the document was sealed because it contains extensive information about the loans of other third-party borrowers. In this opinion, we quote from the sealed document only as it relates to Johnson's loan and have not disclosed any of the presumably confidential information of third parties.

had not received the original promissory note, the Trust had already been assigned the note. The court concluded "[t]hese records leave little doubt that the Johnson note was assigned to the Trust prior to the Trust's startup date." Johnson v. Wells Fargo Bank, N.A., No. 11-01254, 2012 WL 6015551, at *2 (D. Minn. Dec. 3, 2012). The district court elaborated that the list was not simply evidence of what U.S. Bank did not have. The list was also evidence, by reasonable inference, of what U.S. Bank did have in its possession. The district court then concluded that U.S. Bank possessed the note on the startup date. With no contrary evidence, the district court held no reasonable jury could find the Trust did not possess the note on the startup date.

Johnson suggests the district court erred in that it confused assignment of the note with actual negotiation, which requires transfer of physical possession.[5] Johnson further suggests that Wells Fargo had not received the actual promissory note on the startup date. Well Fargo maintains that any error the district court made does not require reversal because the district court still reached the correct conclusion, that the note was in the possession of the Trust prior to the startup date. In particular, Wells Fargo notes that the district court misinterpreted the initial certification as providing that the custodian had not received the actual promissory note and instead had received only a "True & Correct copy." Kemayah Aff. Ex. 4 at 69, No. 11-01254, ECF No. 35-5. Wells Fargo maintains that the initial certification stated the custodian was missing the original "Security Instrument," i.e., the original of the mortgage—not the promissory note.

After reviewing the initial certification, we find the district court erred in concluding the initial certification indicated the promissory note was missing from

---

[5] Wells Fargo agrees, at least for purposes of this appeal, that the note was not assigned and that transfer was to occur by negotiation—i.e. the note must be indorsed and physically transferred to the possession of the Trust—prior to the startup date. See generally U.C.C. §§ 3-201, 3-204 (2002).

the collateral file. This error does not, however, affect the district court's ultimate conclusion. There were two parts to the relevant entry in the initial certification: (1) "SECI–Security Instrument"; and (2) "Document is a True & Correct copy, need recorded original." Id. This entry refers to the mortgage, not the promissory note. First, a mortgage is a security instrument, which secures the debt evidenced by the promissory note. Second, mortgages are recorded, while promissory notes are not. Thus, the document reflects the original mortgage—not the original promissory note—was missing. Since there was no entry in the initial certification for the promissory note, and the initial certification was only listing documents that were missing, then by implication, the promissory note was not missing; if it was not missing, it must have been received.[6] Correcting this misinterpretation only provides additional support for the district court's ultimate conclusion.

Johnson presents no evidence that would tend to prove the promissory note was not in the possession of the Trust on the startup date—nothing to counter the positive inference provided by the initial certification. Johnson's attorney did suggest at oral argument that part of the reason the transfer of the promissory note was still at issue is the Trust had failed to produce the note in discovery—implying the Trust never had the note or that the note was lost. In this case, however, the Trust did not fail to produce the promissory note. In response to interrogatories, Wells Fargo has repeatedly stated that it is in possession of the original promissory note, and the note

---

[6]Johnson dismisses the initial certification as simply a list of documents that are missing. We agree with the district court, however, that a list of what is missing is also evidence of what is not missing. As the district court stated, this appears to be a case in which "a dog did not bark." Johnson, 2012 WL 6015551, at *3. See generally Arthur Conan Doyle, The Silver Blaze, in The Complete Sherlock Holmes (1938).

is available to opposing counsel for inspection. App. at 502, 506.[7] Furthermore, Wells Fargo also provided a copy of the collateral file to the district court, including a copy of the promissory note. See App. to Goerlitz Aff. at 54–58, No. 11-01254, ECF No. 34-1. Given the record, including the custodian's initial certification failing to list the promissory note as missing—which provides a strong inference the note was not missing—and given the lack of any other reason to believe the note was or is missing, we agree with the district court that no reasonable jury could find that the original promissory note was not in the Trust's possession on the startup date of the Trust.

### III. Conclusion

For the reasons stated above, we affirm the district court.

_____

---

[7]The note has a blank endorsement, which makes it a bearer instrument. As such, it is understandable why the original might be available for inspection only.