# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2389

_____

Wonder Horner

*Plaintiff - Appellant*

v.

City of Kansas City, Missouri; Kansas City Missouri Board of Police
Commissioners; Jason White, Police Officer; Brett Johnson; Patrick McInerney,
President, Kansas City Board of Police Commissioners; Alvin Brooks, Vice
President, Kansas City Board of Police Commissioners; Angela Wasson-Hunt,
Treasurer, Kansas City Board of Police Commissioners; Lisa Pelofsky, Board
Member, Kansas City Board of Police Commissioners; Sly James, Mayor; David
V. Kenner, Security-Attorney, Kansas City Board of Police Commissioners; John
Does, 1-17, Police Officers in their individual and official capacity

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: January 6, 2015
Filed: February 10, 2015
[Unpublished]

_____

Before GRUENDER, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Wonder Horner appeals after the district court dismissed her 42 U.S.C. § 1983 action. After careful de novo review, we conclude that dismissal was proper as to most of Horner's claims because they either (1) were barred by res judicata or (2) failed to state a claim for relief. See C.H. Robinson Worldwide, Inc. v. Lobrano, 695 F.3d 758, 763–64 (8th Cir. 2012) (dismissal on basis of res judicata reviewed de novo; the forum that rendered the first judgment determines the law of the res judicata analysis); Reuter v. Jax Ltd., Inc., 711 F.3d 918, 922 (8th Cir. 2013) (district court's judgment may be affirmed on any basis supported by record).

However, as to Horner's Fourth Amendment claims against John Does 14 through 17 involving the June 3, 2013, incident, we conclude that the complaint, liberally construed, sufficiently alleged that these defendants unlawfully searched the identified premises. See Jackson v. Nixon, 747 F.3d 537, 544 (8th Cir. 2014) (giving a liberal construction to a pro se complaint means that "if the essence of an allegation is discernible" the court should construe the complaint so that it can "be considered within the proper legal framework" (quoting Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004))); see also United States v. Reed, 733 F.2d 492, 500 (8th Cir. 1984) ("A Fourth Amendment search occurs when the government invades an area in which a person entertains a legitimate or justifiable expectation of privacy."). We note that res judicata does not apply to these claims, because the June 3 incident and John Does 14 through 17 were not included in Horner's previous state action, and because John Does 14 through 17, in their individual capacities, are not in privity with the defendants in the state action. See Norval v. Whitesell, 605 S.W.2d 789, 790 (Mo. 1980) (en banc) (for res judicata to apply, there must be identities of: thing sued for, cause of action, parties, and quality of person for or against whom claim is made); see also Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) ("[A]n action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery.").

Accordingly, we reverse the dismissal of Horner's Fourth Amendment claims against John Does 14 through 17 involving the June 3, 2013, incident; affirm in all other respects; and remand the case for further proceedings.

_____