# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-3553

_____

William W. Zuck

*Plaintiff - Appellant*

v.

Mario Peart, Lincoln Correctional Center (LCC) Warden All in their individual capacities and official capacities; Diane Sabatka-Rhine, Former LCC Warden All in their individual capacities and official capacities; Robert Houston, Nebraska Department of Correctional Services (NDCS) Director All in their individual capacities and official capacities; Janet Boyer, LCC Food Service Director All in their individual capacities and official capacities; John Does, Unknown number of John and Jane Does Involved Through the LCC Kitchen All in their individual capacities and official capacities; Jane Does, Unknown number of John and Jane Does Involved Through the LCC Kitchen All in their individual capacities and official capacities; John Does, Unknown number of John and Jane Does Involved Through the NDCS Canteen All in their individual capacities and official capacities; Jane Does, Unknown number of John and Jane Does Involved Through the NDCS Canteen All in their individual capacities and official capacities; Charles Glenn, LCC Religious Coordinator All in their individual capacities and official capacities; John Does, Unknown number of John and Jane Does Involved in the NDCS Religious Study Committee All in their individual capacities and official capacities; Jane Does, Unknown number of John and Jane Does Involved in the NDCS Religious Study Committee All in their individual capacities and official capacities; Tanya K. Dana, LCC Unit Manager Mrs. Dana All in their individual capacities and official capacities; Mr. Dorton, Former LCC Case Manager Mr. Dorton All in their individual capacities and official capacities; Salvador "Tony" Cruz, LCC Unit Manager All in their individual capacities and official capacities, also known as Tony; Robert Madsen, LCC Deputy Warden All in their individual capacities and official capacities; Frank Hopkins, NDCS Deputy Director All in their individual capacities and official capacities; Unknown

Doe, Unknown John or Jane Doe for RPH, Director All in their individual capacities and official capacities; Keefe Group, and its affiliated companies All in their individual capacities and official capacities; H.J. Heinz Co., L.P. All in their individual capacities and official capacities; Carriage House Companies, Inc. All in their individual capacities and official capacities; Portion Pac, Inc. All in their individual capacities and official capacities; Unknown Number of Companies, Involved in Food Items Served as Part of the NDCS Religious Diet Program. All in their individual capacities and official capacities; Jon Bruning

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: August 1, 2016
Filed: August 8, 2016

_____

Before WOLLMAN, ARNOLD, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Nebraska inmate William W. Zuck appeals following the district court's[1] adverse grant of summary judgment in his action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act. We have considered the district court's admirably thorough opinions in this case and Mr. Zuck's arguments for reversal. We find no error in the 28 U.S.C. § 1915(e)(2)(B) dismissal of some claims, see Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam) (de

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

novo review); the denial of leave to amend, see Reuter v. Jax Ltd., Inc., 711 F.3d 918, 921 (8th Cir. 2013) (abuse of discretion standard of review); the denial of the discovery-related motions, see Murchison v. Rogers, 779 F.3d 882, 893-94 (8th Cir. 2015) (reviewing denial of motion to compel for gross abuse of discretion); the denial of the motion under Federal Rule of Civil Procedure 56(d), see Anzaldua v. Ne. Ambulance & Fire Prot. Dist., 793 F.3d 822, 836-37 (8th Cir. 2015) (district court has wide discretion in considering Rule 56(d) motion); or the adverse grant of summary judgment, see Murchison, 779 F.3d at 886-87 (reviewing de novo, viewing record in light most favorable to non-movant and drawing all reasonable inferences in non-movant's favor). The judgment of the district court is affirmed. See 8th Cir. R. 47B.

_____